OPINION
{¶ 1} Andre Young is appealing a judgment of the Montgomery County Court of Common Pleas convicting and sentencing him for having a weapon while under a disability and two counts of felonious assault with attached firearm specifications.
 {¶ 2} On April 8, 2002, Young fired a weapon at Ryesa Elder and her one-yearold son. He was charged with two counts of felonious assault and one count of having weapons while under a disability. Firearm specifications were later added to each count of felonious assault.
 {¶ 3} Young was found guilty of all counts following a jury trial in September of 2002. He was sentenced to a total of ten years incarceration on October 2, 2002, which consisted of seven years incarceration on each of the felonious assault charges, the terms to run concurrently, eleven months on the having a weapon while under a disability charge, and three years on the merged firearm specifications. Young was also ordered to pay costs of prosecution in the amount of $563.80.
 {¶ 4} Young now appeals his conviction and sentence, asserting three assignments of error for our review.
 {¶ 5} Young's first assignment of error:
 {¶ 6} "The trial court erred by imposing costs on Mr. Young, who was indigent at the time of sentencing. (Termination Entry, Oct. 3, 2002)."
 {¶ 7} Young argues that the trial court erred by ordering him to pay the prosecution costs incurred during the course of the proceedings as he was indigent. The Supreme Court of Ohio recently addressed this issue, holding that a trial court may assess court costs against an indigent defendant convicted of a felony. State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, 817 N.E.2d 393.
 {¶ 8} We thus overrule Young's first assignment of error.
 {¶ 9} Young's second assignment of error:
 {¶ 10} "The trial court erred by imposing a non-minimum sentence on Mr. Young without making the findings required by R.C. 2929.14(B) on the record. (3TR. 3)."
 {¶ 11} Young asserts that the trial court erred by failing to make the statutory findings pursuant to R.C. 2929.14 when it sentenced him to more than the minimum for the crimes of felonious assault and having a weapon while under a disability. In response, the State concedes, and we agree, that the trial court failed to make the requisite findings under R.C. 2929.14(B) in order to impose non-minimum sentences on Young.
 {¶ 12} Accordingly, we sustain Young's second assignment of error, vacate the trial court's sentence for the charges on the felonious assaults and having a weapon while under a disability, and remand this matter to the trial court for re-sentencing.
 {¶ 13} Young's third assignment of error:
 {¶ 14} "The trial court erred by imposing a non-minimum sentence on Mr. Young based on based on {sic} facts not found by the jury or admitted by Mr. Young. (3TR. 3)."
 {¶ 15} This third assignment is rendered moot by our disposition of the second assignment.
 {¶ 16} Young's sentence is vacated and this case is remanded to the trial court for re-sentencing in accordance with this opinion.
Brogan, P.J. and Grady, J., concur.