OPINION
¶ 1} Defendant-Appellant, Andre Young, was convicted upon a jury's verdicts of two counts of felonious assault with a deadly weapon, R.C. 2903.11(A)(2), which is a felony of the second degree. R.C. 2903.11(D). Second degree felonies are punishable by definite terms of imprisonment of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
¶ 2} On our remand from a prior appeal,[1] the trial court made the findings required by R.C. 2929.14(B) to impose non-minimum seven year sentences for each of Young's two felonious assault convictions. The trial court ordered the sentences served concurrent to an eleven months sentence for having weapons under disability, but consecutive to a three year term imposed upon a merger of two gun specifications attached to the felonious assault convictions, for a total aggregate sentence of ten years. Young objected that imposition of the sentence violated the rule announced in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court overruled the objection.
¶ 3} On appeal, Young argues that the trial court erred in imposing non-minimum sentences in violation of the rules announced in Blakely and Apprendi v. New Jersey (2000),530 U.S. 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.
¶ 4} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Supreme Court applied the rules of Apprendiand Blakely to hold that, "aside from the exception for prior criminal convictions and the defendant's consent to judicial fact-finding, the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by the jury verdict or by the defendant's admissions at the plea hearing." Id., at ¶ 7. Therefore, because a jury verdict alone does not determine the non-minimum sentence that R.C. 2929.14(B) permits the court to impose, that section violates Blakely principles and is unconstitutional. Id, ¶ 61. Further, any case involving a non-minimum sentence imposed on the findings contemplated by R.C.2929.14(B) and which was pending on direct review when Foster
was decided must be reversed and remanded to the trial court for resentencing de novo. Id., ¶ 104, 105.
¶ 5} When it imposed Young's seven year sentences instead of the minimum two year sentences allowed by R.C. 2929.14(A)(2), the trial court stated:
¶ 6} "I do, pursuant to Ohio Revised Code Section 2929.14(B), make the following required finding, and that is I determine that the minimum term of three years — actually it would be six years because you also have the gun specification, but the minimum term of three years for the underlying felonious assault would demean the seriousness of Mr. Young's conduct, and that's based upon the activities that I am aware of based upon my conduction of the previous — of the trial that occurred some time ago." (T. 5).
¶ 7} The finding the court made is one of several permitted by R.C. 2929.14(B) in order to impose a non-minimum sentence. However, because the finding involved a fact neither allowed by the jury's verdict nor admitted by the Defendant at the plea hearing, the non-minimum sentence is unconstitutional perFoster. The assignment of error is sustained. Defendant-Appellant's aggregate ten year sentence will be reversed and the case remanded for resentencing.
Wolff, J. And Donovan, J., concur.
(Hon. Anthony Valen, Retired from the Court of Appeals, Twelfth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] State v. Young (Jan. 28, 2005), Montgomery App. No. 20196.