OPINION
{¶ 1} Defendant-Appellant, Charles D. Hamilton, appeals from his conviction and sentence. A timely Notice of Appeal was filed on December 5, 2005. On March 7, 2006, Counsel for Appellant filed a brief pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, rehearing den. (1967),388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377, indicating that the within appeal was wholly frivolous and setting forth one Assignment of Error as follows:
 {¶ 2} "THE TRIAL COURT ERRED BY ACCEPTING MR. HAMILTON'S GUILTY PLEAS WHEN THEY WERE NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGES AND PENALTIES, WITH FULL UNDERSTANDING OF THE EFFECT OF THE PLEAS, AND WITH FULL UNDERSTANDING OF THE WAIVER OF HIS CONSTITUTIONAL RIGHTS."
 {¶ 3} On March 7, 2006, counsel for Appellant also filed a Motion to Withdraw and notice that Appellant had been served with a copy of the Anders brief with instructions that any pro se brief must be filed within thirty days. Appellant's pro se brief was due on or before April 10, 2006. No pro se merit brief has been filed by Appellant.
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} We now turn to Appellant's potential Assignment of Error.
 Statement of Facts {¶ 6} On August 2, 2005, the Knox County Grand Jury indicted Appellant on the following charges: one count of Aggravated Burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of Felonious Assault with a gun specification, in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of Abduction in violation of R.C.2905.02(A)(2), a felony of the third degree; one count of Having Weapons While Under Disability, in violation of R.C.2923.13(A)(2), a felony of the third degree; one count of Grand Theft, in violation of R.C. 2913.02(A)(1), a felony of the third degree; one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fourth degree; one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and, one count of Breaking and Entering, in violation of R.C. 2911.12(A), a felony of the fifth degree.
 {¶ 7} On October 24, 2005, Appellant pled guilty to one count of aggravated burglary, one count of felonious assault with a gun specification, one count of having weapons under disability, one count of receiving stolen property, and one count of breaking and entering. The remaining charges were dismissed upon motion by the State. The trial court accepted Appellant's plea, deferred sentencing, and ordered a pre-sentence investigation. On November 4, 2005, Appellant was sentenced to an aggregate concurrent sentence of nine years with an additional mandatory consecutive three years for the gun specification.
 {¶ 8} Appellant alleges, in his proposed Assignment of Error, that his guilty plea was not knowingly, voluntarily and intelligently entered.
 {¶ 9} When an appellate court reviews a plea submitted by a defendant, its focus is whether the dictates of Crim.R.11 have been followed. Crim.R.11(C)(2) states in pertinent part, as follow:
 {¶ 10} "(C) Pleas of guilty or no contest in felony cases:
 {¶ 11} * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions at the sentencing hearing;
 {¶ 13} Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 14} Informing the defendant and determining that the defendant understands that by the plea, the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11, See also, Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and State v. Nero
(1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
 {¶ 15} In this case, the record reflects that the trial court informed Appellant of his constitutional rights, as required by Crim.R.11(C)(2)(c), and further informed Appellant that by entering a guilty plea, he would be waiving those constitutional rights. The trial court also explained the consequences of entering a guilty plea, including the possible minimum and maximum penalties; mandatory sentences and possible fines for each offense; Appellant's responsibility for the costs of the action; and, the possible imposition of post-release control upon Appellant's release from prison. The trial court also engaged Appellant in a conversation, on the record, to determine Appellant's educational status; whether he was under the influence of drugs or alcohol, or any type of medication; whether Appellant was on probation or parole at the time of the plea; and, to determine the specific nature of the charges against Appellant. Furthermore, the court inquired as to whether any promises, threats, or inducements had been made to coerce Appellant into entering a guilty plea.
 {¶ 16} With the assistance of counsel, Appellant reviewed and executed a guilty plea form. Appellant stated that he voluntarily waived his constitutional rights. Appellant also indicated that he was a high school graduate; was not under the influence of any substance; was on parole out of Richfield County at the time of the plea; enumerated the specific facts surrounding each felony charge; and stated that his plea was not influenced by any inducement, threats or promises. After being satisfied that the Appellant was entering the plea knowingly, voluntarily and intelligently, the trial court accepted Appellant's guilty plea.
 {¶ 17} In reviewing the colloquy between the trial court and Appellant, and the statements made by the court as to Appellant's understanding of his rights, we find that Appellant was informed of his constitutional rights, pursuant to Crim.R. 11; Appellant understood his rights; and Appellant knowingly, voluntarily, and intelligently waived those rights. Furthermore, we find no evidence that Appellant was coerced or otherwise induced into entering his plea. For these reasons, we find Appellant's proposed Assignment of Error not well taken.
 {¶ 18} Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 19} The judgment of the Knox County Court of Common Pleas, General Division, is affirmed.
Edwards J. Wise, PJ. and Gwin, J. concur.
 JUDGMENT ENTRY {¶ 20} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas, General Division, is affirmed.
 {¶ 21} Attorney Mark A. Zanghi's motion to withdraw as counsel for Appellant, Charles D. Hamilton is hereby granted.