OPINION
{¶ 1} Defendant-appellant Andre Young appeals from his sentence for two counts of Felonious Assault, each with firearm specifications, and one count of Having *Page 2 
Weapons Under Disability. Young received an aggregate sentence of ten years imprisonment, with two seven-year sentences for the two Felonious Assault convictions to be served concurrently, the two firearm specifications merging to form one, additional consecutive sentence of three years, and the Having Weapons Under Disability sentence of eleven months to be served concurrently with the Felonious Assault sentences. Young contends that his sentence is arbitrary and excessive, and that it does not comply with the principles of felony sentencing set forth in R.C. 2929.11 and 2929.12. We conclude that the record does not support Young's contention. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} This is the third appeal from Young's sentence, his previous sentences having been reversed by this court. State v. Young,2005-Ohio-296, Montgomery App. No. 20196; State v. Young,2006-Ohio-1251, Montgomery App. No. 20943. The record is sparse. The only facts we can glean are derived from our opinion in the first appeal, 2005-Ohio-296, in which we stated that:
 {¶ 3} "On April 8, 2002, Young fired a weapon at Ryesa Elder and her one-year-old son. He was charged with two counts of felonious assault and one count of having weapons while under a disability. Firearm specifications were later added to each count of felonious assault."
 {¶ 4} In its brief, the State asserts that Young committed these offenses while he was serving probation on a previous offense, but we have found nothing in the record that would either support or rebut this assertion. *Page 3 
 {¶ 5} In our 2005 decision, we reversed Young's sentence because of the trial court's failure to make the finding required by R.C. 2929.14
for a more-than-minimum sentence. Upon remand, the trial court complied with our mandate by making an appropriate finding, thereby running afoul of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, which had been decided in the meantime. Accordingly, we again reversed Young's sentence in our 2006 decision, remanding the cause for re-sentencing in accordance with State v. Foster, supra.
 {¶ 6} On remand, the trial court exercised its discretion by imposing the same ten-year sentence that it had twice previously imposed. From his sentence, Young appeals.
 II {¶ 7} Young's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT'S SENTENCE WAS ARBITRARY, EXCESSIVE, AND DID NOT COMPLY WITH SENATE BILL II `S PURPOSE AND PRINCIPLES OF SENTENCING."
 {¶ 9} An appellant has the duty to portray error in the record. A criminal sentence will not be disturbed on appeal unless the reviewing court finds "clearly and convincingly" that the sentence is contrary to law. R.C. 2953.08(G)(2).
 {¶ 10} All we can glean from this record is that Young shot a gun at a one-year-old child and his mother. There is nothing in this record from which we can clearly and convincingly find that Young's sentence is arbitrary or excessive. Because two victims were involved, the Felonious Assault sentences could have been made consecutive. A *Page 4 
maximum, consecutive sentence would have been twenty years, eight years for each of the Felonious Assault convictions, three years for the merged firearm specifications, and one year for Having Weapons While Under a Disability. The sentence imposed was half of the maximum sentence that could have been imposed. The record does not disclose any particulars of Young's prior criminal record, or any circumstances of these offenses other than the bare reference quoted from our 2005 opinion.
 {¶ 11} Based upon the sparse record before us, we conclude Young has failed to demonstrate, clearly and convincingly, that his sentence is arbitrary or excessive.
 {¶ 12} Young also contends that his sentence does not comply with the principles of sentencing set forth in R.C. 2929.11 and 2929.12. These are: "to protect the public from future crime by the offender and others and to punish the offender," with consideration of various factors set forth in R.C. 2929.12. Young does not enlighten us as to how his sentence fails to comply with the purposes of felony sentencing under Ohio law, and there is nothing in the record to suggest that his sentence fails to comply with those purposes. Accordingly, we conclude that Young has failed to demonstrate that his sentence is "clearly and convincingly" contrary to law. Upon a silent record, compliance with the statutory principles and required considerations of felony sentencing is presumed. State v. Pettigrew, 2003-Ohio-315, Montgomery App. No. 19257, ¶ 11. This presumption can be overcome by a defendant's demonstrating that his sentence is "strikingly inconsistent" with the factors applicable to his case. State v. Smith, 2003-Ohio-1854, Montgomery App. No. 19419, ?12. Young has made no demonstration of this kind, nor does the record support such a demonstration.
 {¶ 13} Young's sole assignment of error is overruled. *Page 5 
 III {¶ 14} Young's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1