OPINION *Page 2 
{¶ 1} On August 2, 2005, the Knox County Grand Jury indicted appellant, Charles Hamilton, on one count of aggravated burglary in violation of R.C. 2911.11, one count of felonious assault with a firearm specification in violation of R.C. 2903.11, one count of abduction in violation of R.C. 2905.02, one count of having weapons while under disability in violation of R.C. 2923.13, one count of grand theft in violation of R.C. 2913.02, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of breaking and entering in violation of R.C. 2911.13. On October 24, 2005, appellant pled guilty to all the counts except the abduction count and one of the counts for receiving stolen property. By sentencing entry filed November 8, 2005, the trial court sentenced appellant to an aggregate term of twelve years in prison, and ordered him to pay court costs. Thereafter, court costs were assessed at $971.50.
 {¶ 2} Appellant appealed the issue of the voluntariness of his plea. This court affirmed appellant's case. See, State v. Hamilton, Knox App. No. 05-CA-42, 2006-Ohio-2255.
 {¶ 3} On January 31, 2006, appellant filed a "Motion to Vacate Order Requiring Payment of Court Costs and Fines." By judgment entry filed February 15, 2006, the trial court denied the motion.
 {¶ 4} On May 7, 2007, appellant filed a motion for "Modification of Sentence § R.C. 2929.51(C)(2) 1974 Committee Comments to H.B. 511 Payments After Incarceration." By judgment entry filed May 15, 2007, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHERE THE STATE HELD IN STATE V. CLARK: 11TH DIST.2006-A-0004, WHEN A COURT FAILS TO APPLY `JUDGMENT COST' IN THE SENTENCING JOURNAL ENTRY, COST BECOMES MOOT."
 II {¶ 7} "BY THE KNOX COUNTY COMMON PLEAS COURT JUDGE DENYING APPELLANT'S MOTION, IT WAS AND IS IN CONFLICT WITH NOT ONLY THE RULING OF THEOHIO SUPREME COURT, BUT ALSO WITH THE RULING OF THE UNITED STATESSUPREME COURT RULING, WOODS V. FREEMAN: 204 U.S. 259,27 S.CT. 261."
 I, II {¶ 8} Appellant claims the trial court erred in denying his motion for "Modification of Sentence § R.C. 2929.51(C)(2) 1974 Committee Comments to H.B. 511 Payments After Incarceration." We disagree.
 {¶ 9} The Supreme Court of Ohio recently reviewed this issue inState v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905. TheThreatt court at paragraph two of the syllabus, specifically held, "A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing." Justice Lundberg Stratton explained at ¶ 23:
 {¶ 10} "Costs must be assessed against all defendants. R.C. 2947.23;White, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in White that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. *Page 4 
Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata."
 {¶ 11} In the case sub judice, the trial court imposed costs on November 8, 2005. Appellant did not file a motion to waive or vacate costs until January 31, 2006 and then again on May 7, 2007. The denial of the latter motion is the subject of this appeal. Based upon the holding in Threatt, appellant "failed to timely seek a waiver of the costs at sentencing and therefore has also waived any right to appeal the costs." Threatt at ¶ 25.
 {¶ 12} Assignments of Error I and II are denied.
{¶ l3} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed. *Page 1