THE STATE OF OHIO, APPELLEE, *v.* WHITE, APPELLANT.

[Cite as *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989.]

(Nos. 2003–1048 and 2003–1049—Submitted April 14, 2004—Decided November 24, 2004.)

O'CONNOR, J.

{¶ 1} The issue certified for our review is whether, pursuant to R.C. 2949.14 and R.C. 2947.23, a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. Although this question was presented as a single issue, there are two questions to be answered: first, whether a court may assess costs against an indigent defendant; and, second, whether those costs may be collected. We hold that such costs may be assessed and collected.

{¶ 2} Appellant Terry White pleaded no contest to a charge of possession of cocaine, in violation of R.C. 2925.11(C)(4)(a). The trial court entered a judgment of conviction, sentenced White to prison, and assessed court costs against him despite a finding of indigency.

{¶ 3} White's sole assignment of error on appeal was that the trial court erred by imposing court costs upon an indigent felony defendant. The appellate court disagreed. It held that a trial court may assess such costs but that they may not be collected unless the defendant ceases to be indigent.

{¶ 4} This cause is now before us pursuant to a certification of conflict and White's discretionary appeal.

### Assessment of Court Costs

{¶ 5} The appellate court in this case examined two Revised Code provisions on the subject of costs. R.C. 2947.23(A)(1) states, "In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2949.14 states, "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *."

{¶ 6} The appellate court recognized that R.C. 2947.23 gives the trial court the authority to "include in the [criminal defendant's] sentence the costs of prosecution and render a judgment against the defendant for such costs," whereas R.C. 2949.14 addresses "the ability of the clerk of courts to collect the costs from the person convicted." The court stated, "While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C. 2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. * * * Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant."

{¶ 7} The appellate court determined that its decision was in conflict with the decision of the Fourth District Court of Appeals in *State v. Clark*, Pickaway App. No. 02CA12, 2002-Ohio-6684, 2002 WL 31742999. Clark, an indigent, pleaded guilty to felonious assault. The trial court accepted Clark's plea, sentenced him, and assessed court costs against him. On appeal, Clark contended that it was error for the trial court to assess court costs against him because he was indigent. The Fourth District agreed. The court relied upon R.C. 2949.14 and 2949.19 to conclude that indigent defendants cannot be assessed court costs in felony cases. The court noted that the use of the term "nonindigent" in R.C. 2949.14 implies that indigent defendants cannot be assessed costs. Id. at ¶ 18. It garnered support from R.C. 2949.19, which delineates the procedure by which the clerk of

common pleas court may be reimbursed for some costs associated with the conviction of an indigent person.

{¶ 8} We determine that R.C. 2949.14 does not govern a court's ability to assess costs. It governs only a clerk's ability to collect assessed costs from nonindigent defendants. Moreover, R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it *requires* a court to assess costs against all convicted defendants. Though R.C. 2949.19 supplies a procedure for reimbursement of some of an indigent defendant's costs, it does not purport to apply to all indigent defendants. Rather, the procedure applies only if a court has waived costs.[1]

## Collection of Court Costs

{¶ 9} Having determined that a trial court may assess court costs against a convicted indigent defendant, we turn to the matter of collection. White argues that even if we hold that a court may impose costs on an indigent defendant, the costs may not be collected.

{¶ 10} We first address White's contention that the collection of costs from an indigent defendant violates the Equal Protection Clause of the United States Constitution. He claims that assessing costs against an indigent defendant in effect punishes the defendant for exercising his right to trial by jury. White cites two United States Supreme Court cases for the proposition that indigent defendants and those on whom recoupment would work a "manifest hardship" should be exempted from having to pay court costs. Both of the cited cases, however, can be distinguished because they deal with recoupment statutes for appointed counsel costs. The cases do not speak to the imposition of court costs, and they examine the effect of recoupment statutes on the right to counsel, not on the right to a jury trial.

{¶ 11} In *Fuller v. Oregon* (1974), 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642, Fuller, an indigent, pleaded guilty and was sentenced to five years of probation. As a condition of probation, Fuller participated in a work-release program and was required to reimburse the county for the fees and expenses of the attorney and investigator who had been provided to him because of his indigent status. The Supreme Court found that the recoupment statute under which Fuller's obligation was imposed did not violate the Equal Protection Clause because it retained exemptions afforded to other judgment debtors.

---

1. R.C. 2949.092 outlines those circumstances in which a court may waive costs for indigents. R.C. 2949.092 permits a court to waive payment of specific court costs required by R.C. 2743.70 and 2949.091 only if "the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender."

{¶ 12} Conversely, the court in *James v. Strange* (1972), 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600, held that a Kansas recoupment statute violated the Equal Protection Clause for its failure to conserve for indigent defendants protective exemptions that were available to civil judgment debtors.

{¶ 13} White's argument relies on Ohio Adm.Code 5120–5–03, which grants the state the ability to take money from an inmate's prison account, leaving no less than $10 per month. Relying on *James,* he concludes: "Leaving only $10.00 per month does not satisfy the equal protection prohibition against imposing unduly harsh repayment terms on debts owed to the State." Yet White ignores a critical difference between Ohio Adm.Code 5120–5–03 and the statute at issue in *James.* The *James* statute was held unconstitutional because of its failure to provide for indigent defendants protective exemptions that are available for civil judgment debtors. The Ohio code has no such flaw. Ohio Adm.Code 5120–5–03(C) states that an inmate must be informed "of a right to claim exemptions and types of exemptions available under section 2329.66 of the Revised Code." R.C. 2329.66 identifies a judgment debtor's "property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order." R.C. 2329.66(A).

{¶ 14} We next turn our attention to R.C. 2949.14, which authorizes common pleas courts' clerks to certify and enforce judgments for costs. It states, "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *." The bill is then presented to the prosecuting attorney for examination and certification. "Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." R.C. 2929.14. The clerk is therefore required to certify a bill of costs and attempt collection from nonindigent defendants. The statute, however, is silent as to indigent defendants. Similarly, R.C. 309.08(A), which imposes a general duty upon prosecuting attorneys to attempt collection of costs, is silent as to the indigent status of defendants. The General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants. " 'It is the duty of this court to give effect to the *words used* [in a statute], not to delete words used *or to insert words not used.*' (Emphasis added.)" *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 3, 387 N.E.2d 1222, quoting *Columbus–Suburban Coach Lines, Inc. v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8. We are therefore left to infer from this silence that collection from indigent defendants is merely permissive. As we have discussed above, R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted—but not required—if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant.

{¶ 15} The possible methods of collection are numerous, despite the lack of guidance from the Revised Code. One possibility is to assess costs and attempt collection through the defendant's prison account.[2]  Another is to attempt collection at a later date, when it becomes apparent that the defendant is no longer indigent.[3]  Yet another is to impose community service upon the defendant as a method to pay off or forgive costs.[4]  We will not, however, speak to the legality of the several avenues for collection from an indigent defendant, as those questions are not before us.  We therefore limit our holding to rule only that a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and that a clerk of courts may attempt the collection of court costs assessed against an indigent defendant.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 16} I concur with the judgment of the majority that pursuant to former R.C. 2947.23, 1953 H.B. No. 1, a judge has the authority to include in the sentence of any defendant a judgment for the costs of the prosecution.  R.C. 2947.23 applies "[i]n all criminal cases, including violations of ordinances."  Nowhere in R.C. 2947.23 does the General Assembly set forth a collection procedure instituted by the clerk of courts.

{¶ 17} Unlike R.C. 2947.23, R.C. 2949.14 addresses only one category of defendants—nonindigent persons convicted of felonies.  It does set forth a process by which the clerk "shall attempt to collect the costs from the person

---

2.  Ohio Adm.Code 5120-5-03.

3.  Many decisions have stated that a court may look at a defendant's current financial status to collect on a past order for costs. *State v. McDowell,* 11th Dist. No. 2001–P–0149, 2003-Ohio-5352, 2003 WL 22290889, ¶ 57; *State v. Clark,* 4th Dist. No. 02–CA–62, 2002-Ohio-6684, 2002 WL 31742999, ¶ 21.  White argues that such holdings were incorrect but neglects to provide reasoning for his assertion.

4.  R.C. 2947.23(A)(1)(a) states, "If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service * * *." Note that this subsection was not in effect at the time of White's sentencing.  We mention it here merely to highlight methods of collection in general.  We do not suggest that such an order would be appropriate for White.

convicted." The General Assembly specifically set forth a class of defendants—nonindigent felony offenders—for collection procedures. Its failure to include indigent felons within the clerk's collection authority must be afforded meaning. Expressio unius est exclusio alterius.

{¶ 18} The current version of R.C. 2947.23 leaves no doubt as to the intention of the General Assembly. R.C. 2947.23(A)(1)(a) calls for the defendant to pay the amount of judgment or to make timely payments. If the defendant does not pay, "the court may order the defendant to perform community service" to satisfy the debt. Collection procedures outlined in R.C. 2949.14 remain applicable only to nonindigent felony defendants. For indigent defendants or persons convicted of misdemeanors, community service has become an alternate means of collection under R.C. 2947.23(A)(1). Unpaid balances are to be paid in sweat.

---

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.