OPINION
{¶ 1} Defendant-appellant Jimmy Morgan ("Morgan") brings this appeal from the judgment of the Court of Common Pleas of Shelby County denying his motion to Vacate Payment of Court Costs, Fine and Restitution Requirement.
 {¶ 2} On August 20, 1997, Morgan was convicted by a jury of aggravated murder with a firearm specification. The trial court sentenced Morgan to 23 years in prison and ordered that Morgan pay court costs. On September 2, 2004, Morgan filed a petition to vacate the payment of the court costs along with an affidavit of indigency. On October 12, 2004, the trial court overruled the petition. Morgan appeals from this judgment and raises the following assignments of error.
The trial court erred in failing to waive court cost by means ofvacating the order of garnishment where the defendant is indigent.
 The trial court erred in failing to waive court cost where thedefendant filed an uncontested affidavit of indigency.
 {¶ 3} Both assignments of error allege that the trial court must waive the court costs because Morgan is indigent. Thus we will address them together.
In all criminal cases * * * the judge or magistrate shall include inthe sentence the costs of prosecution and render a judgment against thedefendant for such costs.
R.C. 2947.23. A trial court may choose to waive the costs, but is not required to do so merely because the defendant is indigent. State v.White, 103 Ohio St.3d 580, 583, 2004-Ohio-5989 at ¶ 14, 817 N.E.2d 393. "It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." Id. Since the trial court may impose court costs and the clerk of courts may collect court costs from an indigent defendant, the trial court did not err in failing to waive the court costs. The assignments of error are overruled.
 {¶ 4} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.