OPINION
{¶ 1} Defendant-appellant Ronald Heft appeals from the October 13, 2004, Order of the Knox County Court of Common Pleas denying his "Motion for Order to Stay Judgment/Motion for Relief from Judgment." Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 5, 2001, the Knox County Grand jury indicted appellant on one count of attempted murder in violation of R.C. 2923.02(A), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Both of the counts contained firearm specifications. At his arraignment on March 9, 2001, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, on April 30, 2001, appellant withdrew his former not guilty plea and pled guilty to the charge of attempted murder and to one firearm specification. The other charge and specification were dismissed. As memorialized in a Sentencing Entry filed on July 24, 2001, appellant was sentenced to an aggregate prison term of eleven years and was ordered to make restitution in the amount of $90,000.00 to Brenda Presley.
 {¶ 4} Thereafter, on October 4, 2004, appellant filed a "Motion for Order to Stay Judgment/Motion for Relief from Judgment." Appellant, in his motion, specifically sought a stay of the enforcement of the "Entry on court costs of December 7, 2001," alleging that there were mistakes in the same that needed to be "addressed and corrected before enforcement of the cost bill of 12-7-2001." Appellant, in his motion, specifically asked the trial court to clarify the following:
 {¶ 5} "1. Defendant request [sic] an itemize [sic] list to each of the charges listed on the cost bill.
 {¶ 6} "2. Defendant request [sic] for this Court to quote the appropriate Ohio Revised Code or Codes to each of the charges listed on the cost bill.
 {¶ 7} "3. Defendant request [sic] copies of the documents that Brenda Presley presented and/or explanation how these documents are relevant to the restitution.
 {¶ 8} "4. Defendant request [sic] clarification from this Court on what arithmetic that this Court used to come to the amount of $90,000.00 for restitution.
 {¶ 9} "5. Defendant needs this Court to clarify under what Ohio Revised Code that gives this Court the authority to compensate restitution to Brenda Presley.
 {¶ 10} "6. Defendant needs this Court to clarify under what Ohio Revised Code this Court believes that Brenda Presley is deserving of this restitution.
 {¶ 11} "7. Defendant was indigent in 2001 during all proceedings and that has not changed. Defendant request [sic] what Ohio Revised Code that this Court is going under to charge cost to indigent Defendant."
 {¶ 12} Pursuant to an Order filed on October 13, 2004, the trial court denied appellant's motion.
 {¶ 13} It is from the trial court's October 13, 2004, Order that appellant now appeals, raising the following assignment of error:
 {¶ 14} "The trial court erred to the prejudice of defendant-appellant by refusing to clarify the costs and restitution thereby depriving defendant-appellant of his fundamental guaranteed right to address his accuser pursuant to the due process clause of the 14th amendment to the united states constitution in accordance with Article I, section 16 of the ohio constitution and his equal protection under Article I, Section 2
of the ohio constitution."
 I {¶ 15} Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's "Motion for Order to Stay Judgment/Motion for Relief from Judgment." We disagree.
 {¶ 16} As is stated above, appellant, as part of his sentence and as memorialized in the trial court's Sentencing Entry of July 24, 2001, was ordered to pay $90,000.00 in restitution to Brenda Presley. Appellant, in his motion before the trial court, challenged both the amount and the authority of the trial court to order restitution.
 {¶ 17} However, an order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order. State v. Danison, 105 Ohio St.3d 127, 129,2005-Ohio-781, 823 N.E.2d 444. Thus, the trial court's July 24, 2001, Sentencing Entry was a final and appealable order with respect to restitution.
 {¶ 18} Pursuant to App.R. 4(A), a party is required to file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. . . ." Appellant's appeal of the restitution order, which was filed in 2004, is, therefore, untimely and this Court lacks jurisdiction to consider the same. Furthermore, appellant did not provide this Court with a transcript of the sentencing hearing which, presumably, would have addressed the issue of restitution. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197,400 N.E.2d 384. Therefore, we must presume the regularity of the proceeding from which appeal is taken and we hold that the trial court did not err in ordering appellant to pay $90,000.00 in restitution to Brenda Presley.
 {¶ 19} Pursuant to the trial court's July 24, 2001, Sentencing Entry, appellant was also ordered to pay "the cost of these proceedings." Appellant, in his "Motion for Order to Stay Judgment/Motion for Relief from Judgment" alleged, in part, that an indigent defendant could not be required to pay court costs. However, in the case of State v. White,103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court held that a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and that the Clerk of Courts may attempt to collect the costs from the indigent defendant. Thus, costs were properly assessed against appellant. Furthermore, upon review of the cost bill contained in the file, we find that appellant received a "complete itemized bill of the costs made in such prosecution" as required by R.C. 2949.14. There is no requirement that a Revised Code section for each of the charges be listed on the cost bill. Furthermore, to the extent that appellant is appealing the "entry on court costs of December 7, 2001," such appeal is untimely.
 {¶ 20} Based on the foregoing, we find that the trial court did not err in denying appellant's "Motion for Order to Stay Judgment/Motion for Relief from Judgment."
 {¶ 21} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 22} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.