OPINION
{¶ 1} Defendant-appellant Michael A. Heston appeals from the November 3, 2005, Order of the Knox County Court of Common Pleas denying his "Motion to Postpone Payment of Court Costs."
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 29, 2004, Appellant entered a plea of guilty to one count of Rape, in violation of R.C. 2907.02(A)(1)(B), a felony of the first degree. Appellant was sentenced to six (6) years in prison. Appellant was also ordered to pay the costs of the proceedings.
 {¶ 4} On or about October 14, 2005, appellant filed a "Motion to Postpone Payment of Court Costs."
 {¶ 5} Pursuant to an Order filed on November 3, 2005, the trial court denied appellant's motion.
 {¶ 6} On November 15, 2005, Appellant filed a Motion for Findings of Facts and Conclusions of Law.
 {¶ 7} On November 17, 2005, the trial court denied said Motion.
 {¶ 8} It is from the trial court's November 3, 2005, Order that appellant now appeals, raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 9} "I. APPELLANT'S RIGHTS WERE DENIED UNDERSIXTH AMENDMENT OF THE U.S. CONSTITUTION IN REGARDS TO DUE PROCESS AND EQUAL PROTECTION, IN ACCORDANCE WITH ORC 2949.14 WHEN THE TRIAL COURT DENIED THE MOTION TO POSTPONE PAYMENT OF COURT COSTS, WITHOUT A HEARING TO DISCOVER IF THE APPELLANT WAS ABLE TO PAY, NON INDIGENT, AND CONTRARY TO LAW, UPON CONVICTION OF AN INDIGENT OFFENDER."
 I. {¶ 10} Appellant, in his sole assignment of error, argues that the trial court erred in denying his "Motion to Postpone Payment of Court Costs." We disagree.
 {¶ 11} As stated above, pursuant to the trial court's January 19, 2005, Sentencing Entry, appellant was ordered to pay "the cost of these proceedings."
 {¶ 12} Appellant, in his motion, alleged that an indigent defendant could not be required to pay court costs. However, in the case of State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393, the Ohio Supreme Court held that a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and that the Clerk of Courts may attempt to collect the costs from the indigent defendant. Thus, costs were properly assessed against appellant.
 {¶ 13} Furthermore, the trial court was not required to hold a hearing to determine Appellant's indigent status as such would not be a bar to the collection of such court costs.
 {¶ 14} Based on the foregoing, we find that the trial court did not err in denying appellant's Motion.
 {¶ 15} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 16} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
Boggins, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.