DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Boris Mamontov, appeals pro se from a judgment of the Lucas County Court of Common Pleas, which denied his motion to vacate court costs. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} Appellant was arrested on or about February 4, 2003, along with his brother Arseni Mamontov. The brothers were traveling in tandem in separate vehicles. Incident to a routine traffic stop, the Ohio State Highway Patrol found 352 pounds of marijuana in *Page 2 
the van driven by Arseni Mamontov and two bundles of currency, totaling $9,980, in the van driven by appellant. Subsequently, the Lucas County Grand Jury indicted both men. Count 1 charged appellant with possession of marijuana in excess of 20,000 grams, in violation of R.C. 2925.11(A) and (C)(3)(f), a second degree felony. Count 2 charged appellant with trafficking in marijuana in excess of 20,000 grams, in violation of R.C.2923.03(A)(2) and (C)(3)(f), also a second degree felony.
 {¶ 3} Pursuant to a plea agreement, appellant pled guilty to the lesser included offenses of possession of drugs in violation of R.C.2925.11(A) and (C)(3)(e), and trafficking in drugs in violation of R.C.2925.03(A) and (C)(3)(e), both third degree felonies. On November 21, 2003, appellant was sentenced to five years in prison for each count, and the trial court waived the mandatory fines and the costs of supervision, confinement, assigned counsel, and prosecution.
 {¶ 4} On April 24, 2006, appellant received an itemized bill from the Lucas County Clerk of Courts, totaling $1,269.50 in court costs. On June 27, 2006, appellant filed a motion to vacate the court costs, which was subsequently denied by the trial court on July 12, 2006. It is from this denial that appellant sets forth the following sole assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO VACATE COURT COSTS." *Page 3 
 {¶ 6} Appellant contends that the trial court erred in denying his motion to vacate court costs because the court previously waived the costs at his sentencing hearing on November 20, 2003. In support of his motion, appellant cited to the transcript of the sentencing hearing, in which the trial court said: "What we will now find is that each of the defendants do not have, or reasonably are not expected to have, the means to pay the costs of this, therefore court costs are waived." The trial court's ruling was journalized in its November 21, 2003 judgment entry of sentencing, where it stated: "Defendant found to NOT have, or reasonably may NOT be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Based upon this finding, costs waived."
 {¶ 7} Relying solely on R.C. 2947.23 and State v. White,103 Ohio St.3d 580, 2004-Ohio-5989, the trial court denied appellant's motion to vacate. Indeed, R.C. 2947.23 requires a trial court to assess court costs against all convicted criminal defendants, even against those who are indigent. State v. White, at ¶ 15 ("a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and * * * a clerk of courts may attempt the collection of court costs assessed against an indigent defendant."). However, even though R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, waiver of costs is permitted, but not required, if the defendant is indigent. Id. at ¶ 14.
 {¶ 8} In this case, upon a complete review of the record, it is clear that, due to appellant's indigence at the time of sentencing, the trial court waived appellant's *Page 4 
requirement to pay court costs. There is no indication in the record that appellant's circumstances have changed since the November 20, 2003 sentencing hearing. Moreover, we find that the trial court's judgment entry waiving appellant's requirement to pay court costs is still in effect. We therefore find, as a matter of law, that the trial court erred by denying appellant's motion to vacate court costs. Accordingly, we find appellant's sole assignment of error well-taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), because the trial court has waived appellant's obligation to pay court costs, this court grants appellant's motion to vacate court costs and hereby bars the collection efforts of the clerk of courts against appellant for payment of court costs, including costs of supervision, confinement, assigned counsel, and prosecution. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., JUDGE
Mark L. Pietrykowski, P.J., JUDGE
 Thomas J. Osowik, J., JUDGE CONCUR. *Page 1