Lanzinger, J.,
concurring in judgment only.
{¶ 25} I would answer “No” to the certified question: a trial court may not impose court costs pursuant to R.C. 2947.23 in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. I therefore concur with the decision to remand this case to correct the sentencing error by allowing Joseph the opportunity to submit a motion for waiver of payment of costs.
{¶ 26} I do not, however, agree with the majority’s attempt to insulate this case from the application of this court’s misbegotten line of cases that hold that a sentence is void rather than voidable. These cases ignore res judicata and make sentences vulnerable to attack beyond the usual 30-day appeal period. See, e.g., State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12 (failure to inform defendant of postrelease control renders a sentence void); State v. *81 Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568 (the state is entitled to a new sentencing hearing in order to impose postrelease control on the defendant after an initial failure to impose postrelease control).
{¶ 27} Joseph makes a plausible argument that error in notifying a defendant of costs should be treated like error in notifying a defendant of mandatory postrelease control. In overly simple terms, he contends that costs are part of a sentence, just as is postrelease control. The parties here agree that court costs shall be imposed as part of any sentence pursuant to R.C. 2947.23. State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Joseph concludes that because costs must be imposed by the court with every sentence, a court that fails to impose court costs acts without jurisdiction, just as one that fails to impose postrelease control acts without jurisdiction. Thus, Joseph contends that his sentence is void. See Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 14 (“a sentence that does not contain a statutorily mandated term is a void sentence”). Joseph argues that he is entitled to a new sentence because the remedy for a void sentence is total resentencing. See Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 13 (“the decision to vacate [the] void sentence would require the trial court to resentence [the defendant] as if there had been no sentence ” [emphasis sic]).
{¶ 28} The majority tries to distinguish between costs and postrelease control and remarks that despite statutory language requiring the imposition of court costs, a trial court may waive payment for an indigent defendant but that the court has no discretion in the imposition of mandatory postrelease control. But the point is that in both situations, the General Assembly has required specific terms to be included within the sentence through mandatory language using the word “shall.” Whether the court has discretion to waive payment of costs subsequently under a different statute is another matter. For the purpose of analyzing the court’s jurisdiction, I believe that the two sentencing requirements should be considered analogous in regard to the need to impose them in the presence of the defendant, as required by Crim.R. 43(A).
{¶ 29} I also do not agree that “there are no implications or effects upon the powers of other branches of government when a trial court fails to impose court costs.” Majority opinion at ¶ 19. The agencies that derive funding from the imposition of court costs would be surprised at this conclusion. See, e.g., R.C. 2949.093 and 2949.094, which provide funding for criminal justice agency programs through additional court costs imposed upon conviction of specified offenses.
{¶ 30} Furthermore, R.C. 2901.04(A) requires that statutes defining offenses or penalties be strictly construed against the state and liberally in favor of the defendant. Both postrelease control and costs are penalties, being sanctions *82 imposed as a consequence of an offense. R.C. 2967.01(0) and 2947.23. If the state does not appeal an erroneous sentence within 30 days, it should not be allowed to turn back the clock, as if the sentence did not occur. Error that is not appealed should not languish in limbo subject to salvation, for this procedure does not “effect the fair, impartial, speedy, and sure administration of justice” that R.C. 2901.04(B) anticipates. I urge reversal of the Bezak line of cases, for in making sentences vulnerable to attack beyond the usual 30-day appeal period, it ignores res judicata.
Juergen A. Waldick, Allen County Prosecuting Attorney, and Jana E. Emerick, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Katherine A. Szudy and Randall L. Porter, Assistant Public Defenders, for appellant.
{¶ 31} And so while I agree with the majority that “[t]he trial court does not act outside of its jurisdiction when it fails to require payment of court costs,” majority opinion ¶ 18, I would hold that the same is true when the court makes other sentencing errors. My view has always been that all sentencing errors should be corrected on direct appeal. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 39-51 (Lanzinger, J., dissenting). After the appeal period expires, the sentence should be final and thus one that can be relied upon by the parties. To allow belated collateral attack in addition to appeal undermines the principles of res judicata. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
{¶ 32} In short, this case has a sentencing error that should be corrected. The portion of the sentence that was improperly imposed outside the presence of the defendant was error pursuant to Crim.R. 43(A). I concur in judgment only.
Lundberg Stratton and Dickinson, JJ., concur in the foregoing opinion.