[Cite as *State v. Hornacky*, 2011-Ohio-5821.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95631

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARC HORNACKY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-475474, CR-473470, CR-474173 and CR-476417

**BEFORE:**     Sweeney, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**     November 10, 2011

**ATTORNEY FOR APPELLANT**

Marc Hornacky, Pro Se
No. A-503-829
Marion Correctional Inst.
P.O. Box 57
940 Marion-Williamsport Road
Marion, Ohio 44302

**ATTORNEY FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James Hofelich, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant Marc J. Hornacky ("defendant") appeals the court's denial of his motion to vacate court costs, fines, and fees. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} On April 13, 2006, defendant, who had previously been declared indigent, pled guilty to multiple theft related offenses in four cases, and the court sentenced him to an agreed upon six years in prison. At the sentencing hearing, the court failed to notify defendant about court costs; however, the sentencing journal entry states "defendant is to pay court costs."

**{¶ 3}** On May 30, 2008 and July 19, 2010, defendant filed motions to vacate court costs, fines, and fees. The court denied these motions, stating that "Defendant may work off court costs via community work service as approved by the warden's office." Defendant appeals the denial of the July 19, 2010 motion, raising one assignment of error for our review.

**{¶ 4}** I. "The trial court erred prejudicially to the appellant when it imposed assigned counsel fee and courts costs to an indigent, and also by imposing said costs without considering the appellant's present and future ability to pay them. Trial counsel provided 'ineffective assistance' for failing to object to the imposed costs, or otherwise take measures to assure that the costs would not be imposed on his indigent client."

**{¶ 5}** Defendant challenges the court costs and "assigned counsel fee" imposed against him. However, only court costs were imposed against defendant as part of his sentence. Therefore, we limit our analysis accordingly.

**{¶ 6}** Defendant did not appeal from the denial of his first motion to vacate court costs; therefore, the doctrine of res judicata bars him from subsequently raising this same issue. See *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Nonetheless, we review the substance of defendant's arguments.

**{¶ 7}** In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶8, the Ohio Supreme Court held that R.C. 2947.23 "requires a court to assess costs against all convicted defendants." (Emphasis omitted.) The *White* court additionally held that it was within the court's discretion to waive the payment of costs imposed upon an indigent

offender. Id. Furthermore, under R.C. 2949.14, "a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." Id. at ¶14.

{¶ 8} Defendant cites as authority this court's opinion in *City of Cleveland v. Tighe*, Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845. *Tighe*, however, is distinguishable from the case at hand because Tighe was not indigent; defendant is. In *Tighe*, the trial court suspended costs against the defendant, and this court reversed the decision, holding that "the trial court did not have the authority to waive mandatory court costs absent a finding of indigency." Id. at ¶13.

{¶ 9} Defendant next argues that it was error for the court to impose costs without considering defendant's present and future ability to pay them. A defendant's ability to pay is taken into consideration in determining financial sanctions, such as restitution or fines, imposed under R.C. 2929.18 or 2929.32. See R.C. 2919.19(B)(6). However, "a defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 871 N.E.2d 589, 2007-Ohio-4006, ¶3. As the instant case involves costs, rather than sanctions, this argument is without merit.

{¶ 10} In *State v. Joseph*, 125 Ohio St.3d 76, 926 N.E.2d 278, 2010-Ohio-954, ¶22, the Ohio Supreme Court held that the court erred when it failed to orally notify a defendant during sentencing that it was imposing mandatory court costs. In holding that this error was not harmless, the Court stated that "Joseph was harmed here. He was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court. He should have had that chance." Id. *Joseph* was remanded "to the

trial court for the limited purpose of allowing Joseph to move the court for a waiver of the payment of court costs." Id. at ¶23.

{¶ 11} In the instant case, defendant twice sought the waiver of court costs, and the court twice denied his request. Therefore, pursuant to the reasoning in *Joseph*, any error the court may have committed during the sentencing hearing regarding notification of court costs was harmless. Furthermore, we cannot say that counsel was ineffective for failing to raise an issue that had no foundation in the record and which the court subsequently rejected. See *State v. Hayden*, Cuyahoga App. No. 90474, 2008-Ohio-6279, ¶19 (holding that defense counsel's failure to move for waiver of court costs did not amount to ineffective assistance of counsel because there was "no showing of a 'reasonable probability' that the court would have waived the costs had defense counsel filed a motion").

{¶ 12} We find that the court acted within its discretion when it denied defendant's motions to waive payment of court costs and stated that "Defendant may work off court costs via community work service * * *." The Ohio Supreme Court has held that "a trial court may properly order community service as a means of payment [of court costs] in accordance with R.C. 2947.23(A)(1)(a) and (b)." *Clevenger*, at ¶10. Furthermore, the Court has held that "when collecting court costs from an indigent criminal defendant, the state may use any collection method that is available to collect a civil money judgment or may use R.C. 5120.133 to collect from a prisoner's account * * *." *State v. Threatt*, 108 Ohio St.3d 277, 843 N.E.2d 164, 2006-Ohio-905, ¶24.

**{¶ 13}** Accordingly, defendant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

 PATRICIA ANN BLACKMON, P.J., CONCURS.
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY