[Cite as *State v. Perry*, 2012-Ohio-3573.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97696

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY C. PERRY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553014

**BEFORE:** Kilbane, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Marcus A. Henry
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Larry C. Perry, appeals from the order of the trial court that entered judgment against him in the amount of the costs of the prosecution in connection with CR-553014. For the reasons set forth below, we affirm.

{¶2} On August 8, 2011, defendant was indicted for felonious assault, kidnapping, and disrupting public service, in connection with an attack on Arlene Clipps ("Clipps"). The matter proceeded to a jury trial on November 15, 2011. The jury subsequently convicted defendant of assault, as a lesser included offense of felonious assault, and acquitted him of the remaining charges. At the November 21, 2011 sentencing hearing, the trial court advised him that the penalty for the offense is up to six months imprisonment, and a fine of up to $1,000. Defendant's counsel informed the court that defendant's sole income is $563 per month from Social Security, and that defendant's monthly rent is $430. The court also heard from Clipps who urged the court to incarcerate defendant. The court then stated:

> Defendant will be sentenced to six months in county jail, receive credit of 104 days; execution of that sentence will be suspended, he'll be placed on 12 months of probation. He'll be under basic supervision, he will do 80 hours of Court Community Work Service, have random drug tests, arrest on positive or too dilute, enter and complete an intensive outpatient drug treatment program, attend * * * an anger management program [and have] no contact with the victim.

Now, in order to pay costs and fees, if you fail to do so, then the Court can order you to do up to an additional 40 hours of Court Community Work Service per month at the current rate of $7 per hour. For every hour that he completes, the outstanding balance will be reduced and he has to do this until such time as the order is paid off or brought back into compliance.

**{¶3}** The court also "entered judgment against the defendant in an amount equal to the costs of this prosecution" and appointed counsel for appeal.

**{¶4}** Defendant now appeals, assigning the following error for our review:

> The trial court abused its discretion when it failed to waive court costs against the Appellant upon a showing of indigence.

**{¶5}** In his assignment of error, defendant asserts that the trial court abused its discretion in refusing to waive the costs of this matter, which total $1,601.20, in light of the evidence that defendant is indigent and his only source of income is Social Security.

**{¶6}** R.C. 2947.23(A)(1) governs the imposition of court costs and provides in pertinent part:

> In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs.

**{¶7}** "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. In that case, the Ohio Supreme Court held that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." *Id*. at

paragraph one of the syllabus. Therefore, a "defendant's financial status is irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶8} We note that Social Security funds are not subject to garnishment. R.C. 2329.66(A)(10); *Blanton v. Clark*, 5th Dist. No. 99CA70, 2002-Ohio-2456.

{¶9} Pursuant to R.C. 2947.23(A)(1), however, at the time the trial court imposes sentence, the court "shall" notify the defendant that if he fails to pay, or make timely payments against, the judgment of court costs rendered against him, the court "may order the defendant to perform community service * * *." The Ohio Supreme Court has held that "a trial court may properly order community service as a means of payment [of court costs] in accordance with R.C. 2947.23(A)(1)(a) and (b)." *See also Clevenger* at ¶ 10. *See also State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818.

{¶10} Further, court costs may be waived in the discretion of the court if the court first determines that the defendant is indigent. *White* at ¶ 14. It is also possible that, during the collection process, the clerk of courts may waive the collection of court costs for indigent defendants. *Id*. (noting that R.C. 2929.14 was silent as to the collection of costs from indigent defendants).

{¶11} The "indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard.

Otherwise, the issue is waived and costs are res judicata." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23.

{¶12} In this matter, we find no abuse of discretion. Although the defendant advised the trial court that his sole income is $563 per month from Social Security, and that defendant's monthly rent is $430, his financial status is irrelevant to the imposition of court costs. *Clevenger* at ¶ 10. The trial court was not precluded from ordering the payment of costs, and properly informed defendant of the statutory option of paying costs through community work service in accordance with R.C. 2947.23(A)(1). *See State v. Hornacky*, 8th Dist. No. 95631, 2011-Ohio-5821.

{¶13} The assignment of error is without merit.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR