[Cite as *State v. Loughman*, 2014-Ohio-1664.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RYAN LOUGHMAN | : | Case No. 13-COA-024 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 12-CRI-112




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 April 16, 2014




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PAUL T. LANGE                             MELISSA M. PRENDERGAST
110 Cottage Street                        250 East Broad Street
Third Floor                               Suite 1400
Ashland, OH  44805                        Columbus, OH  43215

*Farmer, J.*

{¶1} On September 28, 2012, the Ashland County Grand Jury indicted appellant, Ryan Loughman, on eleven counts of burglary in violation of R.C. 2911.12, four counts of grand theft in violation of R.C. 2913.02, and one count of attempted burglary in violation of R.C. 2911.12 and 2923.02. On April 30, 2013, appellant pled guilty to nine of the burglary counts. The remaining counts were dismissed. By judgment entry filed July 10, 2013, the trial court sentenced appellant to one year on each count, to be served consecutively for a total term of nine years in prison. The trial court also ordered appellant to serve the sentences consecutively to sentences he had received in Richland County (Case No. 2012 CR 0846H).

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED MR. LOUGHMAN TO SERVE HIS ASHLAND COUNTY SENTENCE CONSECUTIVE TO HIS RICHLAND COUNTY SENTENCE, RESULTING IN A 23-YEAR PRISON SENTENCE FOR MULTIPLE NON-VIOLENT FELONIES."

II

{¶4} MR. LOUGHMAN'S ATTORNEY WAS INEFFECTIVE BECAUSE SHE FAILED TO SUBMIT EVIDENCE OF MR. LOUGHMAN'S INDIGENCE TO THE COURT AT THE TIME OF SENTENCING AND FAILED TO OBJECT TO THE IMPOSITION OF COURT COSTS. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED

STATES CONSTITUTION; SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶5}    Appellant claims the trial court erred in ordering his sentences in this case (aggregate nine years) to be served consecutively to sentences imposed in Richland County Case No. 2012 CR 0846H (aggregate fourteen years).  We disagree.

{¶6}    In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

> In applying *Foster [State v.,* 109 Ohio St.3d 1, 2006-Ohio-856] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶7}    In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8}    R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855.

{¶9} R.C. 2929.14 governs prison terms. Subsection (C)(4) states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Appellant pled guilty to nine counts of burglary, all felonies of the third degree. Pursuant to R.C. 2914.14(A)(3), appellant faced the maximum of twenty-seven years in prison. Instead, the trial court sentenced appellant to an aggregate sentence of nine years in prison, and ordered the sentence to be served consecutively to the sentence imposed in Richland County. During the sentencing hearing held on June 27, 2013, the trial court noted it had reviewed a presentence investigation report and various impact statements, set forth the factors in R.C. 2929.11 and 2929.12, and noted appellant was on community control at the time of committing the offenses and also had offenses "in Wayne County that have yet to be sentenced***in addition to the Richland and Ashland County offenses." T. at 3, 19-20. In sentencing appellant to consecutive sentences, the trial court stated the following (T. at 22-23):

The Court is further finding that in this case, consecutive sentencings are necessary to protect the public from future crimes, and consecutive sentencings are not disproportionate to the seriousness of your conduct, Mr. Loughman, and to the danger that you pose to the public, because this was quite the extensive crime spree at a time that you were on Community Control already, and I am finding that consecutive sentencings are not disproportionate to the seriousness of your conduct and the danger that you pose to the public, noting that you were taking firearms, as well as other property, and I am finding that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. It's therefore the Order of the Court

that the sentencings for Counts I, II, III, IV, V, VI, amended count VIII, amended Count IX, and Count X, be served consecutively, and that those sentencings be served consecutive to any prison sentence that you have received in Richland County.

{¶11} The trial court's judgment entry on sentencing filed July 10, 2013 echoed these statements.

{¶12} Appellant points out his crime spree was the result of his addiction to drugs, he cooperated with law enforcement in identifying some of the homes he burgled, the burglaries were non-violent as he did not carry a weapon, the occupants were not home most of the time, and he expressed remorse; therefore, he argues "the trial court had no justifiable reason to impose consecutive service between the two counties." Appellant's Brief at 4.

{¶13} Addiction is "neither an excuse nor a justification" for a defendant's criminal actions. *State v. Kozel,* 11th Dist. Lake No. 2011-L-044, 2011-Ohio-4306, ¶ 12. Appellant pled guilty to nine counts of burglary under R.C. 2911.12(A)(3). Pursuant to R.C. 2901.01(A)(9)(a), these offenses are offenses of violence. Although appellant claimed not to have carried a weapon, he did steal weapons. T. at 15. A victim explained that after discovering her home had been ransacked, she was "shaking with fear" and concerned that the perpetrator had discovered her "loaded guns" and was still on the premises and was going to harm her. T. at 14-15. Appellant had in fact stolen one of her handguns. T. at 15. Appellant committed theses burglaries while he was already under community control. T. at 17, 19, 20.

{¶14} Upon review, we find the trial court fulfilled the statutory requirements, and the order of consecutive service to the Richland County case was not unreasonable, arbitrary or unconscionable. The sentence sub judice is not contrary to law.

{¶15} Assignment of Error I is denied.

II

{¶16} Appellant claims his counsel was ineffective for failing to submit evidence that he was indigent and failed to object to the imposition of court costs. We disagree.

{¶17} To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and as a result, he/she suffered prejudice and but for the deficiency, the outcome would have been different. *State v. Bradley,* 42 Ohio St.3d 136 (1989).

{¶18} Appellant argues his counsel failed to file an affidavit of indigency and had she done so, "there is a reasonable probability that the court would have waived the court costs." Appellant's Brief at 6.

{¶19} The Supreme Court of Ohio has clearly determined that a trial court may assess court costs against an indigent defendant. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989.

{¶20} On September 14, 2012, appellant filed an affidavit of indigency and counsel was appointed. The trial court had the benefit of the presentence investigation which indicated appellant was employed full time at the time of the offenses, but was currently unemployed. During the sentencing hearing, the trial court notified appellant that he would have to pay court costs and restitution, finding "you have the future availability to be employed and pay financial sanctions." T. at 23. From the record, this

court can reasonably determine that when the trial court sentenced appellant and ordered him to pay court costs, it took into account his indigent status. Accordingly, we cannot say "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus.

{¶21} Assignment of Error II is denied.

{¶22} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 403