[Cite as *State v. Cummings*, 2016-Ohio-5931.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103892**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL D. CUMMINGS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594094-A

**BEFORE:** E.A. Gallagher, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 22, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Brian Radigan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Michael Cummings appeals his sentence from the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**Facts and Procedural Background**

{¶2} Cummings pled guilty to involuntary manslaughter with a three-year firearm specification, felonious assault, having a weapon while under disability and tampering with evidence. The trial court merged Cummings' felonious assault charge with the involuntary manslaughter charge and imposed a prison term of 11 years on the latter count to run consecutive to the three-year firearm specification. The trial court also imposed a prison term of three years for Cummings' having a weapon while under disability charge and a one-year prison term for the tampering with evidence charge. All of the prison terms were ordered to be served consecutively for an agreed upon, cumulative prison sentence of 18 years. The trial court found Cummings to be indigent but ordered him to pay the costs of prosecution. The trial court noted that the costs would only become payable when Cummings was on postrelease control and that no deductions would be made while he was incarcerated on these charges.

**I. Costs**

{¶3} In his sole assignment of error, Cummings argues that the trial court improperly ordered him to pay court costs. Cummings argues that the imposition of court costs in this instance violates R.C. 2929.11(A) because it would impose an

"unnecessary burden" on the Cuyahoga County Clerk's office to maintain an account of Cummings' costs for 18 years while he remains in prison.

{¶4} R.C. 2947.23 requires a trial court to assess the costs of prosecution against all convicted defendants, even those who are indigent. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231. Nevertheless, an indigent defendant may make a motion for the waiver of costs at the time of sentencing and the trial court is permitted to waive the payment of costs if the trial court finds that the defendant is indigent. *Id*. Although a waiver of court costs against an indigent defendant is permissible, it is not required. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. In *White*, the Ohio Supreme Court examined R.C. 2949.23 and concluded that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." *Id*. at ¶ 15. The decision to impose costs will not be reversed absent an abuse of discretion. *State v. Perry*, 8th Dist. Cuyahoga No. 97696, 2012-Ohio-3573, ¶ 12.

{¶5} Cummings bases his argument on R.C. 2929.11(A) which provides:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes *without imposing an unnecessary burden on state or local government resources***. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. (Emphasis added.)

**{¶6}** Cummings argues that the Ohio Legislature's amendment of R.C. 2929.11(A) via H.B. 86 in 2011, which added the above highlighted text concerning the avoidance of unnecessary burdens, supersedes the Ohio Supreme Court's decision in *White*. We disagree. The H.B. 86 amendments cited by Cummings did not alter any of the relevant statutory provisions relied upon by the court in *White*. Furthermore, there is no evidence on the record demonstrating what burden, if any, the clerk's office would bear in maintaining documentation pertaining to Cummings's duty to pay costs following his prison term. We find no abuse of discretion in this instance.

**{¶7}** Cummings' sole assignment of error is overruled.

**{¶8}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
MELODY J. STEWART, J., CONCUR