[Cite as *State v. Gibson*, 2015-Ohio-3613.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

   Appellee

v.

Darnell Gibson

   Appellant

Court of Appeals No. L-14-1162

Trial Court No. CR0201202846

**DECISION AND JUDGMENT**

Decided: August 31, 2015

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

\* \* \* \* \*

**PIETRYKOWSKI, J**.

{¶ 1} Defendant-appellant, Darnell Gibson, appeals the June 27, 2014 judgment of the Lucas County Court of Common Pleas which, following pleas of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), sentenced him to a total of 17 years in prison and ordered him to pay various costs.

**{¶ 2}** On November 5, 2012, appellant was indicted on two counts of felonious assault, R.C. 2903.11(A)(2), second degree felonies, with gun specifications. The counts stemmed from the October 26, 2012 shooting of two individuals in Toledo, Lucas County, Ohio. Appellant entered not guilty pleas to the charges. Following the denial of his motion to suppress, appellant withdrew his not guilty pleas and entered *Alford* pleas to the two felonious assault counts in the indictment. Pursuant to an agreement with the state, appellant also entered a plea to the one-year gun specification in Count 1; the three-year gun specification in Count 2 was dismissed.

**{¶ 3}** On June 27, 2014, appellant was sentenced to consecutive sentences totaling 17 years and ordered to pay the costs of supervision, confinement, assigned counsel, prosecution, and the costs assessed under R.C. 9.92(C), 2929.18 and 2951.021. This appeal followed.

**{¶ 4}** Appellant raises two assignments of error for our consideration:

I. The trial court committed plain error to the prejudice of appellant at sentencing by imposing financial sanctions without proper notification and consideration of appellant's ability to pay.

II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.

{¶ 5} In his first assignment of error, appellant argues that the trial court erroneously imposed the costs of confinement and assigned counsel without first determining his ability to pay.

{¶ 6} R.C. 2947.23(A)(1) mandates that, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution." In addition, the imposition of such costs is not conditioned on a defendant's ability to pay. *State v. Baughman,* 6th Dist. Lucas No. L-11-1045, 2012-Ohio-5327, ¶ 41. Likewise, a court is not required to determine the defendant's ability to pay prior to imposing the costs of supervision while on a community control sanction. *Id.* at ¶ 42. A sentencing court may waive these costs for an indigent defendant but, to preserve the issue, a motion for a waiver of costs must be made at the time of sentencing. *State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of syllabus. In the present case, there is nothing in the record to suggest that appellant moved to waive costs at his sentencing hearing.

{¶ 7} Prior to the imposition of costs of assigned counsel and confinement, the trial court must first find that the defendant has or will have the ability to pay. *Baughman* at ¶ 43. As stated in *Baughman,* the court is not required to conduct a hearing on a defendant's ability to pay; rather, the record must contain some evidence that the court considered the defendant's financial ability to pay. *Id.,* citing *State v. Maloy,* 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

3.

**{¶ 8}** In the present case, the trial court's sentencing judgment entry contains the following language regarding costs:

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021. Notification pursuant to R.C. 2947.23 given.

**{¶ 9}** At the June 23, 2014 sentencing hearing, the trial court further stated: "Defendant is ordered to pay all cost of prosecution. You are further ordered to pay court appointed counsel fees and, any fees permitted pursuant to Revised Code 2929.18(A)(4), the Court, finding the Defendant has the ability to pay these amounts."

**{¶ 10}** Appellant argues that the trial court erred in imposing these sanctions where he was sentenced to 17 years of incarceration and had mental health issues. Arguing that the costs of confinement and appointed counsel were properly imposed, the state cites multiple cases from this court where we concluded that the record supported the defendant's ability to pay. *See State v. Flowers*, 6th Dist. Lucas No. L-14-1141, 2015-Ohio-908 (defendant 32 at the time of sentencing, had his GED, and was employed

up until arrest); *State v. Winfield*, 6th Dist. Lucas No. L-13-1251, 2014-Ohio-3968 (defendant was 32 years old, completed 11th grade, had a remodeling business, and had $2,000 to $3,000 saved); *State v. Donaldson*, 6th Dist. Lucas No. L-11-1264, 2012-Ohio-6064 (although 41 and a history of substance abuse, defendant had a job history).

{¶ 11} In the present case, the record reveals that at the time of sentencing appellant was 42 years old and had received his GED while incarcerated. Appellant was married with no dependents and the record reveals no health or medical issues. However, the record showed that appellant receives social security disability benefits likely due to his mental health diagnoses. The record reveals no work history and a lengthy multi-state criminal record.

{¶ 12} Based on the foregoing and unlike the cases cites by the state, we find that the record does not support the imposition of the costs of prosecution and appointed counsel. *See State v. Hart*, 6th Dist. Lucas No. L-03-1073, 2004-Ohio-5511, ¶ 35 (though evidence in the record of social security benefits for a mental disability, the court failed to question the defendant concerning the income). Accordingly, we find that appellant's first assignment of error is well-taken.

{¶ 13} In his second assignment of error, appellant argues his trial counsel was ineffective for failing to object to the imposition of financial sanctions. In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688.

{¶ 14} Regarding the imposition of the mandatory costs, we note that those costs have been held to apply even to indigent defendants. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Nevertheless, a trial court, in its discretion, may waive the mandatory costs. *Id.*; R.C. 9.92(C)(1). Appellant has failed to demonstrate that a reasonable probability exists that, had he so moved, the trial court would have waived payment of the costs. Thus, we cannot find that appellant was denied the effective assistance of counsel for failing to object to the imposition of these mandatory costs. *See Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, at ¶ 12.

{¶ 15} As to the imposition of discretionary costs, as set forth above, we determined that the record does not support their imposition. However, appellant has not shown that a reasonable probability exists that the court would not have imposed those costs had counsel objected. Whether to impose such costs is in the court's discretion. Accordingly, appellant was not denied the effective assistance of counsel and his second assignment of error is not well-taken.

{¶ 16} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The matter is

6.

remanded to the trial court for the determination of appellant's ability to pay the costs of confinement and appointed counsel.  Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                           JUDGE

Thomas J. Osowik, J.

                    _____
Stephen A. Yarbrough, P.J.        JUDGE
CONCUR.

                    _____
                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.