[Cite as *State v. Galloway*, 2015-Ohio-4949.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15CAA040029 |
| | : | |
| BRANDON D. GALLOWAY | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 14CR-I-11-
0530 B

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      November 23, 2015

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                 DAVID H. BIRCH
DELAWARE CO. PROSECUTOR                286 South Liberty St.
ERIC C. PENKAL                         Powell, OH 43065
140 North Sandusky St.
Delaware, OH 43015

*Delaney, J.*

{¶1} Appellant Brandon D. Galloway appeals from the March 24, 2015 Judgment Entry on Sentence of the Delaware County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The facts underlying appellant's criminal conviction are not in the record before us, other than agreement of the parties at the sentencing hearing that the crime giving rise to this case occurred in 2007.

{¶3} On November 26, 2014, appellant and co-defendant Jackson O. Conn were charged by indictment with one count of aggravated arson pursuant to R.C. 2909.02(A)(2), a felony of the second degree. Appellant initially entered a plea of not guilty.

{¶4} On February 13, 2015, the parties reached a negotiated plea agreement pursuant to Crim.R. 11(F) stipulating appellant would plead to a lesser offense of attempted arson pursuant to R.C. 2923.02(A) and 2909.03(A)(4), a felony of the third degree. Appellee recommended a pre-sentence investigation (P.S.I.) and appellant agreed to pay restitution in an amount to be determined. Appellant then withdrew his plea of not guilty and entered a plea of guilty to the lesser-included offense.

{¶5} In a Judgment Entry dated February 17, 2015, the trial court found appellant guilty of attempted arson and referred him to Adult Court Services for preparation of the P.S.I.

{¶6} Appellant came before the court for sentencing on March 20, 2015 and was sentenced to a term of community control not to exceed three years.

{¶7} Relevant here, dated March 24, 2015, appellant signed and acknowledged a form entitled "Notice of Duties to Register as an Arson Offender (ORC 2909.14)." The Notice states appellant must register with the sheriff of any county in which he resides, annually, for life. Failure to register or to verify his address upon request will result in criminal prosecution.

{¶8} Appellant objected to the registration requirement at sentencing.

{¶9} Appellant now appeals from the judgment entry of sentence, including the notice of the requirement to register as an arson offender.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "THE TRIAL COURT ERRED BY REQUIRING THE APPELLANT TO REGISTER AS AN ARSONIST IN VIOLATION OF THE UNITED STATES CONSTITUTION ARTICLE I, SECTION 10, AND THE OHIO CONSTITUTION ARTICLE II, SECTION 28."

**ANALYSIS**

{¶12} Appellant argues the application of the arson offender registry[1] to him violates the Ex Post Facto clause of the United States Constitution and the retroactivity clause of the Ohio constitution. We disagree.

*Appellant is an "arson offender" within the meaning of the arson offender registration requirements.*

{¶13} Effective July 1, 2013, Ohio became one of three states with an arson offender registry.[2] Ohio's arson offender registry is found in R.C. 2909.13, 2909.14, and 2909.15. These statutes became effective on July 1, 2013.

---

[1] R.C. 2909.13, 2909.14, and 2909.15 will be referred to collectively throughout as the "arson offender registry" or the "arson offender registry statutes."

{¶14} Relevant to appellant, an "arson offender" is defined as "a person who on or after the effective date of this section is convicted of or pleads guilty to an arson-related offense." R.C. 2909.13(B)(1). An "arson-related offense" includes attempted arson pursuant to R.C. 2923.02(A) and 2909.03(A)(4). R.C. 2909.13(A)(2). Pursuant to R.C. 2909.14(A)(2), if an arson offender is sentenced after July 1, 2013 and is not sentenced to a prison term or other term of confinement, "the judge shall provide the notice to the arson offender at the time of the arson offender's sentencing." R.C. 2909.14(A)(2). This notice provides that the arson offender shall register personally with the sheriff of the county in which the arson offender resides within ten days from the sentencing hearing. R.C. 2909.15(A)(2). The arson offender must provide the information requested upon a registration form prescribed by the attorney general, annually, in person, for life.[3] R.C. 2909.15(C) and (D). The initial registration requires payment of a fee of $50 and annual registration thereafter requires payment of a fee of $25. R.C. 2909.15(F).[4] Failure to register or to re-register as required is a felony of the fifth degree. R.C. 2909.15(H).

{¶15} Appellant thus falls squarely within the statutory definition of an arson offender who is required to register as prescribed. He argues, though, that because he committed the arson-related offense prior to July 1, 2013, application of the registration

---

[2]California and Louisiana also have arson offender registries. Montana's registry of violent offenders includes arson offenders. Franko, *Ohio starts arsonist registry*, Columbus Dispatch (Jan. 22, 2013).

[3]R.C. 2909.15(D)(2)(b) permits the trial court to limit the arson offender's duty to register to a period not less than ten years if the judge receives a request from the prosecutor and investigating law enforcement agency to consider limiting the registration period. There is no such request in the record of the instant case.

[4]The fees are collected by the sheriff's office where the offender registers and are sent to the attorney general to be used for maintenance of the arson offender registry database. R.C. 2909.15(F).

statutes to him violates the Ex Post Facto Clause of the United States Constitution and the retroactivity prohibition of the Ohio constitution.

{¶16} We are not the first Ohio appellate court to examine these issues. Three districts have addressed the arson offender registry. In *State v. Caldwell*, the First District Court of Appeals found the arson offender registration requirement does not violate the Ohio Constitution's prohibition against retroactive laws as applied to an offender who committed an arson-related offense on June 22, 2013 and was sentenced on November 7, 2013. 1st District Hamilton No. C-130812, 2014-Ohio-3566, 18 N.E.3d 467. In *State v. Reed*, the Eleventh District found the arson offender registration requirements do not violate the Ex Post Facto Clause and do not violate the prohibition against retroactive laws as applied to an arson offender who committed the offense on September 4, 2012, was ordered apprehended after he failed to appear for trial, and was ultimately convicted on November 7, 2013. 11th Dist. Lake No. 2013-L-130, 2014-Ohio-5463, 25 N.E.3d 480. In *State v. Mullins*, the Tenth District did not reach the issue of retroactivity, finding instead the defendant was not an "arson offender" because he was not "convicted" on the effective date of the statute. 10th Dist. Franklin No. 14AP-480, 2015-Ohio-3250. The *Mullins* court interprets "convicted" to include having been found guilty and sentenced prior to July 1, 2013; the *Mullins* defendant had been found guilty but not yet sentenced on the effective date of the statute. Id. at ¶ 11.

{¶17} In the instant case, appellant acknowledges *Caldwell* and *Reed* but argues the constitutional analysis in each case is flawed. Both cases examine the arson registry as analogized to registration requirements for sex offenders. Appellant argues the rationales underlying *Caldwell* and *Reed* have been superseded by

subsequent court decisions finding sex offender registration requirements to be unconstitutional.

{¶18} We first note statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Cook*, 83 Ohio St.3d 404, 409, 1998-Ohio-291, 700 N.E.2d 570, citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. We turn now to our analysis of whether requiring appellant to register as an arson offender violates the Ex Post Facto Clause or the prohibition against retroactive laws.

*The arson offender registry does not violate the Ex Post Facto Clause.*

{¶19} Section 10, Article I of the United States Constitution, the Ex Post Facto Clause, prohibits any new punitive measure that creates a material disadvantage to a defendant when applied to a crime that has already been committed. See, 29A Ohio Jurisprudence 3d, Criminal Law: Substantive Principles and Offenses, Section 69 (2015). The Clause bars application of any law inflicting a greater punishment for a crime than the law attached to the crime when it was committed. Id. Retroactive sentencing changes are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. Id.

{¶20} The Ex Post Facto Clause applies only to criminal statutes. "* * * [T]he constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). In other words, the Ex Post Facto Clause only

prohibits retroactive measures that are considered criminal punishments, rather than those that are merely civil regulations. Platt, *Gangsters to Greyhounds: The Past, Present, & Future of Offender Registration*, 37 N.Y.U. Rev. L. & Soc. Change 727, 767-70 (2013). The threshold issue of the Ex Post Facto analysis is whether the law is penal or remedial. In determining whether a law is punitive, the court will first look to its stated purpose. If it finds that the legislature expressly or impliedly intended the law to serve as a punishment, this ends the inquiry and the court will not examine the law's effect. Id. If, however, the Act's stated purpose is determined to be regulatory, the reviewing court will next examine whether the statute is "so punitive either in purpose or effect as to negate [the State's] intention to deem it 'civil.'" Id. The relevant factors are "whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a non-punitive purpose; or is excessive with respect to this purpose." Id., citing *Smith v. Doe*, 538 U.S. 84, 97, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) and *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–169, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

{¶21} The Ohio Supreme Court has applied an "intent-effects test" to determine whether a law is civil or criminal for purposes of Ex Post Facto analysis. See, *State v. Cook*, 83 Ohio St.3d 404, 415, 1998-Ohio-291, 700 N.E.2d 570. The Court first considers whether the legislature intended the law to be remedial (and therefore civil) or penal (and therefore criminal). *State v. Williams*, 128 Ohio St.3d 65, 2010-Ohio-2453, 93 N.E.2d 770, ¶ 22. If the intent was for the law to be penal, the inquiry ends; if the intent was for the law to be remedial, the Court must look to the law's specific effects.

Id.  A purportedly remedial statute may be deemed punitive and criminal if its effects "negate a remedial intention."  Id., citing *Cook*, supra, 83 Ohio St.3d at 418.

{¶22} The analysis of a law's effects is inherently subjective and whether a law's effects are remedial or penal is a "matter of degree." The Ohio Supreme Court upheld Megan's Law in *Cook* because, upon applying the intent-effects test, the statutes were remedial in intent and not so punitive as to violate the Ex Post Facto Clause:

> There is no absolute test to determine whether a retroactive statute is so punitive as to violate the constitutional prohibition against *ex post facto* laws; such a determination is a "matter of degree." See *Morales,* 514 U.S. at 509, 115 S.Ct. at 1603, 131 L.Ed.2d at 597. However, the court in *Kennedy v. Mendoza–Martinez*, [372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)], fashioned useful guideposts for determining whether a statute is punitive. These guideposts include "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned * * * ." (Footnotes omitted.) Id*.,* 372 U.S. at 168–169, 83 S.Ct. at 567–568, 9 L.Ed.2d at 661.

>*State v. Cook*, 83 Ohio St.3d 404, 418, 1998-Ohio-291, 700 N.E.2d
>570.

{¶23} The arson offender registry is intended to be remedial, and its effects have been held to be remedial.  In *Reed*, the Eleventh District found the legislature intended the arson offender registry to be civil in nature and not punitive.  *Reed*, supra, 2014-Ohio-5463 at ¶ 80.  Applying the "intent-effects" test, the court further found the effects upon an offender is a "de minimus (*sic*) administrative requirement."  Id., 2014-Ohio-5463 at ¶ 83.  Therefore, the court concluded, the arson offender registry does not violate the Ex Post Facto Clause.  Id.

{¶24} Appellant argues the rationale underlying *Reed*, which relied heavily upon *Cook*, supra, is flawed because later court decisions have found the sex offender registration requirements to be punitive and thus impermissibly Ex Post Facto.  In *Cook*, the Ohio Supreme Court found that pre-S.B.10 sex offender registration requirements [Megan's Law] "serve[ ] the solely remedial purpose of protecting the public;" there is "no clear proof [the law] is punitive in its effect;" and "notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one."  *Cook*, 83 Ohio St.3d at 423.  Appellant relies upon a case from the Eleventh District, *State v. Strickland*, which found the sex offender registration requirements to be punitive.  11th Dist. Lake No. 2008-L-034, 2009-Ohio-5424, ¶ 48. *Strickland* addressed sex offender registration requirements post-S.B.10, which differed significantly from those examined in *Cook*.  Most troubling to the *Strickland* court was the creation of a public database:

While the statute at issue in *Cook* restricted the access of an offender's information to "those persons necessary in order to protect the public[,]" Senate Bill 10 requires the offender's information to be open to public inspection and to be included in the internet sex offender and child-victim offender database. R.C. 2950.081. Not only does the public have unfettered access to an offender's personal information but, under Senate Bill 10, an offender has a legal duty to provide more information than was required under former R.C. Chapter 2950.

*State v. Strickland*, 11th Dist. Lake No. 2008-L-04, 2009-Ohio-5424, ¶ 25, *aff'd on other grounds sub nom. In re Sexual-Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801, ¶ 25, *order vacated in part on reconsideration sub nom. State v. Hitchcock*, 127 Ohio St.3d 1201, 2010-Ohio-4980, 936 N.E.2d 45, ¶ 25.

{¶25} Comparing post-S.B.10 sex offender registration requirements to the arson offender registration requirements is not a perfect analogy. The schemes are similar in some respects but significantly different in others. Of consequence to us is the question of public access: the arson offender registry is not a public record and is not accessible to the general public. Any individual can access the sex offender registry. The arson offender registry, though, exists as a tool created for, maintained by, and available only to arson investigators and law enforcement. R.C. 2909.15(E)(2).

The arson offender registry thus by design is a regulatory scheme with a rational connection to a non-punitive purpose.

{¶26} We further agree with *Reed* that the arson offender registry is not "excessive with respect to this purpose." See *Reed*, 2014-Ohio-5463 at ¶ 83. The offender is required to register only in his or her county of residence. The relatively nominal initial registration fee and subsequent annual fees cover the costs of maintaining the database. Appellant points out that failure to register as required is a felony of the fifth degree, but we find this is not dispositive of the penal vs. remedial issue. The criminal penalty lends enforceability to the registration requirements yet, as *Caldwell* points out, violation thereof is "a low-level felony that carries a presumption of probation." *Caldwell*, supra, 2014-Ohio-3566 at ¶ 34; R.C. 2909.15(H).

{¶27} In conclusion, our analysis brings us to the same conclusion as that reached in *Reed*: the arson offender registry is remedial and does not violate the Ex Post Facto Clause of the U.S. Constitution. *Reed*, 2014-Ohio-5463 at ¶ 83.

*The arson offender registry is not impermissibly retroactive.*

{¶28} The Ohio Constitution prohibits retroactive legislation and the Ohio Supreme Court has articulated a two-part framework for determining whether a statute is impermissibly retroactive under Section 28, Article II.

{¶29} Because R.C. 1.48 establishes a presumption that statutes operate prospectively only, "[t]he issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply." *Van Fossen v. Babcock & Wilcox Co.,* 36 Ohio St.3d 100, 105, 522 N.E.2d 489 (1988), paragraph one of the syllabus. If

there is no "'clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment.' " Id. at 106, quoting *Kiser v. Coleman*, 28 Ohio St.3d 259, 262, 503 N.E.2d 753 (1986).

{¶30} If we find a "clearly expressed legislative intent" that a statute apply retroactively, we proceed to the second step and analyze whether the challenged statute is substantive or remedial. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 10, citing *Cook,* 83 Ohio St.3d at 410; see, also, *Van Fossen,* supra, 36 Ohio St.3d 100, at paragraph two of the syllabus.

{¶31} Our first question is thus whether the General Assembly has specified that the arson offender registry applies retroactively. *Van Fossen,* 36 Ohio St.3d at 106. It is evident from the definition of "arson offender" that the statute is intended to apply retroactively, i.e., to conduct committed before its enactment. See, *Caldwell*, 2014-Ohio-3566 at ¶ 20. Such is the procedural posture of appellant: he committed the offense in 2007 but was not convicted until after the effective date of the arson registry. R.C. 2909.13(B)(1).

{¶32} We turn next to the question whether the arson offender registry is substantive or remedial. Specifically, does the law take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability, in respect to transactions or considerations already past? *Van Fossen*, 36 Ohio St.3d at 106. If so, the law is "substantive" and must be deemed impermissibly retrospective or retroactive. Id., *Cincinnati v. Seasongood*, 46 Ohio St. 296, 303, 21 N.E. 630 (1889).

{¶33} A remedial law, on the other hand, "is not within the mischiefs against which [Section 28, Article II] * * * was intended to guard."    *Van Fossen*, 36 Ohio St.3d at 106.   Remedial laws are those affecting only the remedy provided, including "laws which merely substitute a new or more appropriate remedy for the enforcement of an existing right."  Id. Such laws may have "the occasional substantive effect," but "it is yet generally true that laws which relate to procedures are ordinarily remedial in nature * * * * including rules of practice, courses of procedure and methods of review, * * * * but not the rights themselves."  Id. at 108.   The key issue in the instant case with regard to retroactivity is whether the arson registry scheme is substantive or remedial.  "While we admit that the line between substantive and remedial may be difficult to ascertain, these terms, as applied, provide 'readily distinguishable contours.'" Id. at paragraph three of the syllabus.

{¶34} We are persuaded by the thorough analysis of *Caldwell* concluding that although the arson offender registry imposes new duties and burdens on arson offenders, those burdens are not substantive in nature.  *Caldwell*, supra, 2014-Ohio-3566 at ¶ 30.   Appellant's argument does not substantively address *Caldwell*, which finds that even under the post-S.B.10 *Williams* analysis, the arson offender registry statues are remedial and not punitive because they are overall less onerous than sex offender registration requirements:

> Nonetheless, the arson-offender registration statutes differ from the sex-offender provisions in significant ways. Sex offenders must register in potentially three different counties—those in which they reside, work, and attend school—and some must register as

frequently as 90 *476 days. *Williams* at ¶ 13. In contrast, arson offenders need only register annually in the county in which they reside. The *Williams* court emphasized the stigma that follows from an offender's placement on the public sex-offender registry. *Id.* Conversely, the arson-offender registry is visible only to certain law-enforcement personnel. The sex-offender statutes impose stringent restrictions on where the offender is permitted to reside, whereas arson offenders are not subject to any residential restrictions. *Id.* And while arson-registry violations may subject the offender to later prosecution, we think it notable that the failure to register is a low-level felony that carries a presumption of probation. R.C. 2909.15(H). This is markedly different from the failure of a sex offender to register, which constitutes a felony of the same degree as that of the underlying conviction. *See* R.C. 2950.99. For example, if a sex offender who committed a first-degree felony sex offense fails to register, that failure to register constitutes another first-degree felony with a potential punishment of up to 11 years in prison. R.C. 2950.99(A)(1)(a) and 2929.14(A)(1). In view of these considerable differences, we cannot say that the arson-offender registration requirements are so punitive that they impose a new burden in the constitutional sense.

*State v. Caldwell*, 2014-Ohio-3566, 18 N.E.3d 467, 475-76, ¶ 34 (1st Dist.)

{¶35} We are persuaded that the arson offender registration requirements are remedial and not punitive. We find especially pertinent the fact that registration is limited to the county in which the offender resides and the database of arson offenders is available only to investigators and law enforcement. The arson offender registry is not impermissibly retroactive.

{¶36} We conclude by framing the constitutional analyses within the facts of this case: appellant committed attempted arson in 2007. At that time, the arson offender registry did not exist. However, "[e]xcept with regard to constitutional protections against ex post facto laws * * *, felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." *Caldwell*, 2014-Ohio-3566 at ¶ 22, citing *Cook* at 412, internal citation omitted. Thus, appellant is not a subject of the constitutional infirmities the Ex Post Facto Clause and retroactivity prohibition guard against. We agree, therefore, that "[b]ecause appellant had no expectation of finality with regard to any duties that may or may not have attached following his conviction, he does not have a substantive right in this regard; the [arson offender registry] is remedial in nature, and the General Assembly may retroactively impose its provisions without running afoul of the Ohio Constitution."*Caldwell*, 2014-Ohio-3566 at ¶ 35.

{¶37} The trial court did not err in notifying appellant of his duty to register as an arson offender and his sole assignment of error is overruled.

**CONCLUSION**

{¶38} Appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J. and

Farmer, P.J.

Baldwin, J., concur.