[Cite as *State v. Jones*, 2017-Ohio-413.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1014

         Appellee                                      Trial Court No. CR0201501980

v.

Antoine Jones                                          **DECISION AND JUDGMENT**

         Appellant                                      Decided:   February 3, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Matthew D. Simko, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle, III, for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} The defendant-appellant, Antoine Jones, appeals his 180 day jail sentence

following his conviction for criminal damaging.  Appellant asserts that his sentence

should be vacated for multiple reasons.  As set forth below, we find that appellant's

assignments of error are not well-taken, except as they relate to the issue of costs. We remand this case to the trial court for the limited purpose of resentencing appellant on that issue. We affirm the sentence and judgment of the trial court in all other respects.

## II. Statement of Facts and Procedural History

{¶ 2} On June 12, 2015, appellant was arrested and charged with two counts of arson. The record indicates that appellant lit some papers while in his apartment, including his eviction notice, put the papers in the oven, and then left the premises. The fire extinguished itself but caused $1000 worth of smoke damage to his unit.

{¶ 3} A Lucas County Grand Jury indicted appellant on two counts of aggravated arson, R.C. 2909.02(A)(1) and (A)(2), both felonies in the first degree. Appellant pled not guilty by reason of insanity and was referred for a competency exam. After appellant was found competent to stand trial, he changed his plea to not guilty.

{¶ 4} Pursuant to a plea agreement, appellant pled guilty to one count of criminal damaging, R.C. 2909.06(A)(2) and (B), a misdemeanor in the first degree. In exchange, the state dismissed the original charges.

{¶ 5} During the change of plea hearing, the trial court reviewed appellant's constitutional rights with him. The court found that appellant had made a knowing, intelligent and voluntary waiver of those rights. After finding appellant guilty, the trial court notified appellant of his duty to register as an arson offender. Appellant verified that he understood that obligation.

{¶ 6} On January 20, 2016, the trial court sentenced appellant to serve 180 days in jail, with credit given for the 125 days he had already served. The court ordered him to

2.

reimburse the Toledo Fire Department in the amount of $221.26 and to pay the costs associated with his prosecution and appointment of counsel. The judgment entry, journalized on January 22, 2016, imposed additional costs. The trial court stayed the sentence, pending appellant's appeal.

{¶ 7} Through his appointed counsel, appellant asserts five assignments of error for our review.

### III. Appellant's Assignments of Error

1. The trial court erred when it failed to consider the factors for imposition of the maximum misdemeanor sentence as stated in R.C. 2929.22(C) and imposed the maximum sentence of one hundred-eighty days for the misdemeanor of the first degree.

2. The trial court erred to the prejudice of Appellant in accepting a guilty plea, which was not made knowingly, in violation of Appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Section 16 of the Ohio Constitution; and Ohio Criminal Rule 11.

3. The trial court erred to the prejudice of Appellant by sentencing Appellant to a misdemeanor with the duty to register as an Arson Offender because the lifetime arson registration cannot be completed within five years.

3.

4.  The trial court erred to the prejudice of Appellant when it improperly ordered Appellant to reimburse and/or pay restitution to the Toledo Fire Department and failed to comply with R.C. 2929.71.

5.  The trial court erred to the prejudice of Appellant at sentencing by imposing new costs and fees in its Sentencing Judgment Entry and failed to consider Appellant's present or future ability to pay.

## IV. Standard of Review

{¶ 8} We examine misdemeanor sentences under an abuse of discretion standard of review. *State v. Cook*, 6th Dist. Lucas No. L-15-1178, 2016-Ohio-2975, ¶ 18-19. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 9} When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume the trial judge followed the statutes, unless there is evidence to the contrary. *Cook* at ¶ 18, citing *State v. Townsend*, 6th Dist. Lucas No. L-01-1441, 2002-Ohio-4077, ¶ 6.

{¶ 10} Appellant urges the court to apply a "clear and convincing" standard of review, as set forth under R.C. 2953.08. That statute is applicable to felony, not misdemeanor sentences. Appellant's misdemeanor sentence is reviewed under an abuse of discretion standard.

4.

## IV. Law and Analysis

{¶ 11} In his first assignment of error, appellant argues that the court should vacate his maximum jail sentence because he did not commit the worst form of the offense and because the court failed to consider the sentencing factors set forth in R.C. 2929.22. Appellant complains that the trial court failed to consider how he responded to prior sanctions and failed to show why the longest jail sentence was necessary to deter him from committing future crime.

{¶ 12} When a trial court imposes a sentence pursuant to a misdemeanor conviction, the trial court shall examine the "purposes and principles" of R.C. 2929.21 and "sentencing factors" under R.C. 2929.22. Before imposing a jail term, the court must consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C). Division (C) also states that a maximum jail term can be imposed "only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C).

{¶ 13} As noted by the state, other appellate districts, have ruled that the sentencing court is not bound by R.C. 2929.22(C), to the extent the statute requires judicial fact-finding and/or that only those offenders who have committed the worst forms of the offense may be given the maximum sentence. Although a sentencing court formerly was required to make specific factual findings prior to imposing a maximum sentence, that requirement was eliminated after the Ohio Supreme Court's ruling in *State*

5.

*v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.[1]  Other courts have specifically invalidated the requirement in R.C. 2929.22(C) as unconstitutional that the trial judge make factual findings prior to imposing a maximum misdemeanor sentence. *State v. Nuby*, 7th Dist. Mahoning No. 16MA0036, 2016-Ohio-8157, ¶ 8-9, citing *State v. Black*, 1st Dist. Hamilton No. C-060861, 2007-Ohio-5871, ¶ 19-21 (Noting that the judicial fact finding required by R.C. 2929.22(C) before imposing a maximum jail term is unconstitutional and  was "severed" from the statute.).  *See also State v. Simms*, 10th Dist. No. 05AP-806, 2006-Ohio-2960, ¶ 20.

{¶ 14} Here, the trial court's 180 day sentence was within the statutory limits, as a first degree misdemeanor.  *See* R.C. 2929.21.  Accordingly, we presume the sentence was proper, absent evidence to the contrary.  Appellant provides none.  Notably, however, the trial court examined appellant's criminal record and remarked that he "has not done well on probation."  It commented that appellant's probation had been revoked in prior cases by courts in Lucas and Seneca County, Ohio.  It specifically referenced appellant's many prior convictions, including those for aggravated burglary, robbery, aggravated trafficking in drugs, and fleeing and eluding.

{¶ 15} We find that the trial court did not abuse its discretion in sentencing appellant to jail for 180 days.  Appellant's first assignment of error is not well-taken.

---

[1] *Foster* involved judicial fact finding before imposing consecutive sentences.  It was superceded by R.C. 2929.14(C)(4).  *See State v. Sergent,* Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-2696, ¶ 34-35.

6.

{¶ 16} In his second assignment of error, appellant argues that his guilty plea should be vacated because it was not made knowingly, in violation of his due process rights.

{¶ 17} At the plea hearing, the trial court notified appellant of his constitutional rights, as set forth under Crim.R. 11(C). It then accepted appellant's guilty plea. The court then informed, and verified that appellant understood, his obligation to register as an arson offender. During the court's explanation of the arson registry, appellant acknowledged that he had a written explanation in hand, that he understood the requirement, and that he had discussed it in advance of the hearing with his attorney.

{¶ 18} Appellant argues that the court should have notified him about the registry *before* accepting his plea. Appellant claims that it was necessary to do so because the registry is punitive in nature. The state counters that the registry is not punitive and therefore it need not have been explained to appellant before the court accepted appellant's guilty plea.

{¶ 19} R.C. 2909.15 requires "arson offenders" to register on a state registry. R.C. 2909.13(B)(3) defines an "arson offender" as "a person who * * * is charged with committing * * * a violation of [R.C.] 2909.02 * * * and who pleads guilty to a violation of any provision of Chapter 2909 of the Revised Code." Here, appellant was originally charged with R.C. 2909.02(A)(1) and (2), and he ultimately pled guilty to R.C. 2909.06(A)(2). Accordingly, appellant must register.

{¶ 20} R.C. 2909.14(A) provides that each arson offender "shall be provided notice of [his] duty to register personally with the sheriff of the county in which the arson

7.

offender resides." The statute distinguishes between arson offenders who have been sentenced to a term of incarceration, and those who have not, for purposes of determining when notice is required and by whom.

{¶ 21} Pursuant to R.C. 2909.14(A)(1), when the arson offender is sentenced to a term of imprisonment, it falls upon the "official of a jail * * * to provide the notice to the arson offender before the arson offender is released." On the other hand, if the arson offender is not sentenced to a term of incarceration, then "the judge shall provide the notice to the arson offender at the time of the arson offender's sentencing." R.C. 2909.14(A)(2).

{¶ 22} Here, appellant was sentenced to a jail term. Therefore, the trial court was not statutorily required to provide notice to appellant of his obligation to register. That obligation will fall upon the official at the jail where appellant is confined.

{¶ 23} In a case similar to this one, the trial court read the notification provisions to the arson offender during sentencing "for good measure," despite imposition of a prison sentence. *Caldwell,* 1st Dist. Hamilton No. C130812, 2014-Ohio-3566, at ¶ 38-39. On appeal, the arson offender argued that the notification was "void." The First Appellate District found that the trial court's notification did not relieve the prison representatives from their duty to notify the arson offender, but that there was "no harm in the court's effort to explain the new statutes." *Id.* at ¶ 39.

{¶ 24} Under the clear language of R.C. 2909.14(A)(1), the trial court was not required to provide notice to appellant of his duty to register.

8.

{¶ 25} We also reject appellant's argument that the arson registry is punitive in nature.

{¶ 26} Of the three appellate districts that have addressed the issue, all concluded that the Ohio Arson Registry is not punitive: *See State v. Reed,* 11th Dist. No. 2013-L-1, 2014-Ohio-5463, ¶ 85 ("The statute is merely remedial."); *Caldwell* at ¶ 35 ("[T]he statutory scheme is remedial in nature, and the General Assembly may retroactively impose its provisions without running afoul of the Ohio Constitution.") *and State v. Galloway*, 5th Dist. Delaware No. 15CAA040029, 2015-Ohio-4949, ¶ 35 ("We are persuaded that the arson offender registration requirements are remedial and not punitive.").

{¶ 27} We agree that the statutory obligation to register as an arson offender is not punitive and accordingly does not impose constitutional burdens upon the state. Thus, while the trial court was not required to notify appellant of his duty to register, that it did so, following appellant's guilty plea, raises no constitutional problems. Appellant's second assignment of error is not well-taken.

{¶ 28} In his third assignment of error, appellant argues that his sentence, requiring him to register annually with the arson registry should be vacated because it cannot be completed within five years. Appellant cites *State v. Zucal,* 82 Ohio St.3d 215, 217, 694 N.E.2d 1341 (1998), paragraph two of the syllabus, for the proposition that "[a]ny sentence resulting from a conviction of a misdemeanor offense that is not completed within five years from the date of sentencing must be vacated." Appellant claims that because he must register for life as an arson offender, his sentence cannot be

9.

completed within five years. He requests that he be relieved from the duty to register as an arson offender.

{¶ 29} In *Zucal,* the defendant was sentenced to serve ten days in jail following her misdemeanor conviction for driving while under the influence of alcohol. Due to jail overcrowding, however, the completion of her sentence was repeatedly postponed, until more than six years had elapsed since the time of her sentence. The Ohio Supreme Court found that such a lengthy delay was an unlawful deprivation of the defendant's liberty. *Id.* at 220.

{¶ 30} Here, the requirement that appellant register as an arson offender for life does not run afoul of *Zucal.* Registration programs have "long been a valid regulation technique with a remedial purpose." *Caldwell,* 1st Dist. Hamilton No. C130812, 2014-Ohio-3566 at ¶ 35. We agree with the State that requiring appellant to register on the arson registry does not constitute a punishment, but is rather a remedial tool. Appellant's third assignment of error is not well-taken.

{¶ 31} Appellant's fourth assignment of error concerns the trial court's order that he reimburse the Toledo Fire Department in the amount of $221.26.

{¶ 32} First, appellant suggests that restitution is limited to actual victims and may not be ordered in favor of a state agency. R.C. 2929.71(D) expressly provides that the court shall "order the offender, as part of the offender's sentence, to reimburse the agencies from the offender's assets for all or a specified portion of their established costs." *See e.g. State v. Nickell,* 6th Dist. Wood No. WD-11-053, 2013-Ohio-47. To the

10.

extent that appellant argues that R.C. 2929.71 does not authorize reimbursement in favor the fire department, his argument is not well-taken.

{¶ 33} In the alternative, appellant argues that the court failed to comply with R.C. 2929.71. First, appellant argues that the trial court did not enforce its own deadline after the fire department filed and served the invoice one day late.

{¶ 34} We reject appellant's argument. At sentencing, appellant's attorney stated, "We certainly don't have any objection to the number of hours that they submitted and are requesting." We find that appellant waived any objection to the timeliness of the invoice.

{¶ 35} Finally, appellant complains that the trial court failed to identify any of appellant's assets that could be used to satisfy the reimbursement order.

{¶ 36} The record indicates otherwise. The trial court heard evidence from appellant's counsel that his client receives social security disability payments. Thus, the trial court did not fail to identify appellant's assets from which he could satisfy the order.

{¶ 37} We find that the trial court complied with R.C. 2929.71 when it ordered appellant to reimburse the Toledo Fire Department. Appellant's fourth assignment of error is not well-taken.

{¶ 38} Finally, in his fifth assignment of error, appellant argues that costs were improperly imposed against him. We agree, and we remand this case for a limited purpose, as set forth below.

{¶ 39} Appellant makes three distinct arguments with regard to costs. First, he claims that the trial court violated Crim.R. 43 by imposing costs outside of his presence.

11.

**{¶ 40}** During his sentencing hearing on January 20, 2016, the court stated, "It is therefore the sentence of this court [that] the [appellant] * * *pay the costs of prosecution, including any costs associated with the appointment of counsel. [A]ppellant is also to pay $221.26 to the Toledo Fire Department."

**{¶ 41}** In the subsequent Judgment Entry, dated January 21, 2016, the trial court stated,

> [Appellant] found to have, or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs **and to pay restitution in the amount of $221.26 to Toledo Fire Department.** This order of reimbursement and restitution is a judgment enforceable pursuant to law by the parties in whose favor it is entered. Defendant further ordered to pay the costs assessed pursuant to R.C. 9.92(C) 2929.18 and 2951.021. Notification pursuant to R.C. 2947.23 given. (Emphasis in the original.)

**{¶ 42}** Thus, the judgment entry includes additional costs not referenced during the sentencing hearing, specifically the costs of supervision, costs of confinement, and costs assessed pursuant to R.C. 9.92(C), 2929.18, and 2951.021.

**{¶ 43}** R.C. 2947.23 requires trial courts to impose court costs in criminal cases, but a trial court may waive the payment of costs upon the motion of an indigent defendant. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.

12.

A motion to waive the payment of costs must be made at the time of sentencing. When a trial court fails to mention costs during the sentencing hearing, however, a defendant is denied the opportunity to request a waiver. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 13. Moreover, when court costs are imposed later by means of the sentencing entry, a trial court violates Crim.R. 43(A) by depriving the defendant of the right to be present at each stage of the proceedings. *Id.* at ¶ 22. The appropriate remedy for this error is to remand the case for the limited purpose of permitting the defendant to move for a waiver of the payment of court costs. *Id.* at ¶ 23.

{¶ 44} In this case, the trial court erred by imposing those costs previously identified without giving appellant the opportunity to seek a waiver. Upon remand, the trial court shall assign all costs with appellant present and permit him to move for a waiver.

{¶ 45} Next, appellant argues that the trial court erred when it ordered him to pay the costs associated with his court appointed counsel. He argues that there was no evidence that he has, or will have, the ability to pay such costs.

{¶ 46} Prior to the imposition of costs for appointed counsel, the trial court must first find that the defendant has, or will have, the ability to pay. *State v. Gibson,* 6th Dist. Lucas No. L-14-1162, 2015-Ohio-3613, ¶ 6. The court is not required to conduct a hearing on a defendant's ability to pay; rather, the record must contain some evidence that the court considered the defendant's financial ability to pay. *Id.*

{¶ 47} In the present case, the trial court's sentencing entry specifically references its finding that appellant had, or would have, the ability to pay. The only evidence in the

13.

record supporting the court's conclusion is a statement from appellant's attorney that appellant receives a "low" social security disability benefit for his mental health problems. The record also reveals that, at the time of sentencing, appellant was 43 years old with no high school education or General Equivalency Degree ("GED"). Appellant also has a history of mental health and substance abuse issues. The record reveals no work history and a lengthy criminal record.

{¶ 48} We find that the record does not support the imposition of costs of appointed counsel. *Id.,* citing *State v. Hart*, 6th Dist. Lucas No. L-03-1073, 2004-Ohio-5511, ¶ 35 (Although there was evidence in the record of social security benefits for a mental disability, the court failed to question the defendant concerning his income.) Upon remand, we order the trial court to consider appellant's ability to pay and to support that conclusion with evidence in the record.

{¶ 49} Finally, appellant argues that the trial court erred when it imposed costs pursuant to R.C. 2929.18 and 2951.021.

{¶ 50} R.C. 2951.021 allows for the recovery of costs for the monthly supervision of a person who is sentenced to community control; R.C. 2929.18 allows for financial sanctions related to felony sentences. As appellant points out, he was neither sentenced to community control, nor convicted of a felony.

{¶ 51} Upon remand, we instruct the trial court to eliminate any reference to the imposition of costs that are inapplicable to appellant.

14.

## V. Conclusion

**{¶ 52}** The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part.

**{¶ 53}** Appellant's fifth assignment of error is found well-taken. We remand this case as to the imposition of costs only, consistent with the instructions set forth herein. The trial court shall impose only those costs applicable to appellant, in his presence, and allow him the opportunity to seek a waiver of those costs. The judgment and sentence is otherwise affirmed, and appellant's assignments of error one through four are not well-taken. Costs are assessed to appellant pursuant to App.R. 24.

Judgment affirmed, in part
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.              _____
                                                JUDGE
Stephen A. Yarbrough, J.

                                 _____
James D. Jensen, P.J.                            JUDGE
CONCUR.

                                 _____
                                                JUDGE